478 So.2d 22 (1985)
STATE of Florida, Petitioner,
v.
Carl Lee HICKS, Respondent.
No. 65495.
Supreme Court of Florida.
May 23, 1985.
On Rehearing October 31, 1985.
*23 Jim Smith, Atty. Gen. and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Margaret Good, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
Enoch J. Whitney, Gen. Counsel, Tallahassee, amicus curiae for Florida Parole and Probation Com'n.
McDONALD, Justice.
We accepted jurisdiction of Hicks v. State, 452 So.2d 606 (Fla. 4th DCA 1984), because of conflict with Sanderson v. State, 447 So.2d 374 (Fla. 1st DCA 1984). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and we approve Hicks.
The issue in this case is whether a person subject to probation revocation has an absolute right to counsel in such a proceeding, and, if so, whether the right must be afforded him before he is required to admit or deny the revocation charges. We hold that unless there has been an informed waiver thereof such a person is entitled to counsel, and it must be afforded him before he is required to respond in any manner to the revocation charges.
We note at the outset that there is no constitutional requirement for the appointment of counsel in all probation revocation hearings. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). We predicate our decision here on the ground that a uniform rule in all probation revocation hearings is more easily understood and easier to administer than requiring attorneys in some cases but not in others. We do not believe that a uniform requirement will unduly tax the resources of the public defender system; we believe it will result in a more orderly and uniform administration of the criminal justice system.[*] Judge Downey, writing for the district court, has cogently stated reasons to adopt the ruling we make. We doubt that we could improve upon his opinion and *24 therefore adopt it as the opinion of this Court.
The opinion of the district court of appeal is approved.
It is so ordered.
BOYD, C.J., and OVERTON, EHRLICH and SHAW, JJ., concur.
ADKINS and ALDERMAN, JJ., dissent.

ON REHEARING
PER CURIAM.
On rehearing we are asked to decide whether this decision, which related to a probation violation, is also applicable to a parole violation hearing. We should not address on rehearing an issue that was not presented, essential, or directly germane to the case under review and therefore decline to decide the applicability of our holding to parole violations.
We do feel that it is appropriate to determine whether our holding relative to probation violations is retroactive or prospective in its application to other probation violation hearings. We hold that it has prospective application only.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Further, a probation revocation usually leads to sentencing; an attorney is required at a sentencing proceeding. It seems illogical not to mandate an attorney when revocation is likely to lead to incarceration and to require an attorney only when the length of that incarceration is being decided.