NIMMONS, Judge.
This is an appeal from an order of revocation of probation. We affirm.
Upon conviction of the offense of aggravated child abuse, appellant was placed on probation for a period of ten years. He received permission to transfer his residence and supervision to New Jersey. Shortly after he moved to New Jersey, authorities there notified his Leon County probation officer that they were no longer able to locate appellant, who was not at his approved address and had apparently absconded.
Subsequently, the Leon County Circuit Court issued a warrant for violation of probation based upon a violation of the condition of appellant’s probation that he not move from his approved residence without permission. The warrant was executed several months later when appellant was found and arrested on July 30, 1986. On the same day, he had a first appearance before a county judge who appointed the public defender.
At the probation violation hearing, the probation officer testified that he learned of appellant’s arrest, visited him at the jail on July 31, and asked him why he had left New Jersey and failed to stay in touch with his probation officer.[1] Appellant’s attorney interposed the following objection as to the admissibility of appellant’s response to the probation officer’s question:
Judge, I’m going to object to this testimony. I think that before any sort of statement can be introduced against the Defendant it must be made voluntarily. I would suggest that given that Mr. Register was confined and given that he was being questioned by his probation officer, that absent some showing of voluntariness, it cannot be assumed to be voluntary.
*1124 The court overruled the objection and the probation officer was permitted to testify that appellant told him that while he was in New Jersey he had been residing with his sister, that she moved, that he was “without transportation or communication,” and that he went to Tallahassee about eight weeks before his arrest.
After the hearing, the court found that appellant had violated his probation by absconding from supervision. The court revoked appellant’s probation and sentenced him to a period of incarceration.
On appeal, appellant asserts that the court erred in admitting the statements made to his probation officer in the absence of his counsel. For several reasons, we disagree.
In Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Supreme Court held that a probationer has a Sixth Amendment right to counsel at the final hearing on a probation revocation proceeding when the effectiveness of the probationer’s due process rights depends on the use of skills which the probationer is unlikely to possess, or when the probationer’s view of the disputed issue can fairly be presented only by a trained advocate. Gagnon does not establish a right to counsel during pre-hearing questioning by the probation officer relating to the subject’s probation status. The Supreme Court’s rationale for the presence of counsel in a proceeding such as this is the protection of the indigent probationer’s right to presentation of his case at hearing. Gagnon teaches that probation revocation proceedings do not give rise to the same due process rights as do criminal prosecutions.
Although we recognize that an appellant’s Sixth Amendment right is not congruent with his Fifth Amendment right against self-incrimination, we note that in the instant case appellant had no Fifth Amendment privilege in connection with the probation officer’s inquiry. Minnesota v. Murphy, 465 U.S. 420, 435 n. 7,104 S.Ct. 1136, 1146 n. 7, 79 L.Ed.2d 409, 425 n. 7 (1984).
Appellant relies in part upon State v. Hicks, 478 So.2d 22 (Fla.1985). There, the Florida Supreme Court extended the right to counsel to all probationers in revocation proceedings, regardless of the complexity of the case or skills of the probationer. The Court in Hicks specifically recognized that it was according more of a right to counsel than was accorded under the Sixth Amendment per Gagnon, but decided, apparently for practical reasons, that it is more appropriate to provide representation in all such proceedings rather than to attempt a determination of the necessity for counsel on a case-by-case basis. The Court held that, “unless there has been an informed waiver thereof such a person is entitled to counsel, and it must be afforded him before he is required to respond in any manner to the revocation charges.” Id. at 23.
We decline to extend the Hicks right to counsel to a prehearing interview of the appellant by his probation officer where the latter’s questions have nothing to do with any criminal offense the probationer may have committed.
Even were we to find that Hicks extends the right to counsel to a prehear-ing interview such as this by the probation officer, we would still affirm inasmuch as appellant did not preserve the point for appellate review. As reflected by his objection reproduced above, appellant’s objection to the admissibility of the statement was based solely on the state’s failure to affirmatively show that the statement was made voluntarily. However, counsel failed to attempt to connect his objection to a right to counsel, whether under the Sixth Amendment, Hicks, or otherwise.
Further, the failure of a proper objection cannot be excused here on the basis of fundamental error. A fundamental error goes to the foundation of the case or the merits of the cause of action. Even constitutional errors must be raised in the trial court unless they are fundamental. Clark v. State, 363 So.2d 331 (Fla.1978); Robinson v. State, 442 So.2d 284 (Fla. 2d DCA 1983). In the instant case, we find that the constitutional right to counsel de *1125 fines the outer limits of fundamental error and, as we have said, this is not the type of case in which Gagnon dictates that counsel must be provided to meet constitutional requirements. The probation violation allegation was straightforward, dealing with a change in residence. Appellant would not have required any special skills to present his defense. Nor did appellant have a Fifth Amendment right which his counsel could have protected. Thus, fundamental fairness was not abrogated by absence of counsel. Compare Woodard v. State, 351 So.2d 1096 (Fla. 3d DCA 1977) with Grandin v. State, 421 So.2d 803 (Fla. 3d DCA 1982). Under such circumstances, we do not find the alleged error to be fundamental.
We find appellant’s other points to be without merit. The order revoking probation is AFFIRMED.
SHIVERS and BARFIELD, JJ., concur.

. There is no indication in the record as to whether the probation officer knew that counsel had been appointed the preceding day.