WOLF, Judge.
Appellant asserts that the trial court erred in accepting appellant’s waiver of counsel during proceedings on his violation of probation.[1] It is undisputed that appellant is entitled to an attorney to represent him during a violation of probation. State v. Hicks, 478 So.2d 22 (Fla.1985). The sole issue concerns the sufficiency of appellant’s waiver of counsel.
Appellee concedes that the trial court did not conduct a full-scale inquiry to determine the competency of the waiver. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The appellee argues, however, that the law is clear; even in the absence of a proper Faretta hearing, a sixth amendment violation will not occur in those rare cases where the record may support a knowing waiver of counsel. Strozier v. Newsome, 871 F.2d 995, 997 (11th Cir.1989). The record in the instant case, however, neither supports a voluntary and knowledgable waiver, nor is there any indication of compliance with Florida Rules of Criminal Procedure 3.111(d)(2), which states
[a] defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into accused’s comprehension of that offer and his capacity to make that choice intelligently and understandingly has been made.
We, therefore, must reverse the order of revocation and remand for further proceedings.
ZEHMER and BARFIELD, JJ., concur.

. In light of our holding herein, it is unnecessary to address appellant’s other point on appeal.