606 So.2d 1265 (1992)
Marilyn WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1897.
District Court of Appeal of Florida, First District.
October 29, 1992.
Daniel A. McKeever, Jr., Live Oak, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
The defendant, Marilyn White, appeals "An Order of Modification of Probation" based on the finding that she had violated a condition of probation. We reverse.
In 1983, White pleaded nolo contendere to five counts of grand theft for embezzling funds. Although she was found *1266 guilty and sentenced to imprisonment on other criminal counts at that time, the court withheld adjudication of guilt on these five counts and imposed terms of probation for five years on each count, to run consecutively to each other and consecutively to the imprisonment imposed on other counts. The following special condition was added to the general conditions of this probation:
(9) You will make full and complete restitution in the sum of $123,411.28 to the several victims of this offense, payable through the Clerk of the Suwannee County Circuit Court on a periodic basis in such means and manner as directed by the Probation Officer.
After serving her term of imprisonment, White began serving probation. The Department of Corrections instructed her to pay $40 to $50 per month on the total amount of restitution and she did so. Subsequently, the department determined that to pay off the total amount of restitution by the end of the consecutive probationary periods, White's monthly payments would have to be increased to at least $440 per month. Accordingly, White was advised to so increase the amount of her payments commencing February 1991. After White did not pay the $440 for the months of February, March, and April, her probation officer filed an affidavit of violation of probation, alleging that White had disregarded condition 9.
A warrant issued for White's arrest for violation of probation, and she appeared before the court on May 31, 1991. White appeared at the hearing without counsel and, when called on by the court to respond to the state's contention that she had violated probation in the manner alleged, responded:
I cannot pay $440 a month. I bring home approximately $580 a month. I work in Lake City. That is net. That is not including expenses coming out of that and I have two children I am raising.
THE COURT: And you have already been to prison in this case?
THE DEFENDANT: Yes, sir, I have.
The trial court then stated from the bench:
THE COURT: In my view, it must be granted and is granted and you are ordered to do that as a condition of your probation and being realistic about it. Upon your failure to do it, the Court will have no recourse, as understood by me, other than to recommit you to prison. So you should be thinking about that. I will sign an appropriate order when you submit one.
Pursuant to this pronouncement, the court entered the order now appealed, which provides in part:
It further appearing that the aforesaid has not properly conducted herself, but has violated the conditions of her probation in a material respect by disregarding:

Condition: 9
IT, THEREFORE, IS ORDERED AND ADJUDGED that the probation of the aforesaid defendant, ought to be modified, and it is hereby modified in accordance with Section 948.03 Florida Statutes, in the following manner:
ALL RESTITUTION SHALL BE PAID MONTHLY AT A RATE OF NO LESS THAN $440.00 THROUGH AND AS DIRECTED BY YOUR PROBATION OFFICER.
[Emphasis added.] The court dismissed the arrest warrant, reciting that "there is reason to me shown that the probation of the aforesaid should not be revoked."
We reverse the appealed order for two reasons. First, the original condition 9 is facially invalid as it purports to delegate to the probation officer the right to determine the rate of repayment of the restitution. Ashe v. State, 582 So.2d 759, 760 (Fla. 1st DCA 1991) ("The determination of the amount of restitution is a non-delegable judicial responsibility, as is the determination of the defendant's ability to pay, i.e. by establishing a rate of payment."). See also Ballance v. State, 447 So.2d 974 (Fla. 1st *1267 DCA 1984). Probation cannot be revoked or its terms modified for violating an invalid condition. See Morales v. State, 518 So.2d 964 (Fla. 3d DCA 1988) (invalid condition of probation imposed by probation officer could not serve as a basis for revocation of probation). See also Hutchinson v. State, 428 So.2d 739 (Fla. 2d DCA 1983).
Second, at the hearing White was not accorded an essential right in that the record does not show that White, who appeared without counsel, made an informed waiver of her right to counsel before being required to respond to the charge of violating probation. State v. Hicks, 478 So.2d 22 (Fla. 1985).[1]
REVERSED.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] The supreme court stated in that case:

The issue in this case is whether a person subject to probation revocation has an absolute right to counsel in such a proceeding, and, if so, whether the right must be afforded him before he is required to admit or deny the revocation charges. We hold that unless there has been an informed waiver thereof such a person is entitled to counsel, and it must be afforded him before he is required to respond in any manner to the revocation charges.
478 So.2d at 23.