635 So.2d 1009 (1994)
Marjorie Elizabeth THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1789.
District Court of Appeal of Florida, First District.
April 22, 1994.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Patrick Martin, Certified Legal Intern, and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Senior Judge.
Marjorie Elizabeth Thomas has appealed an order of the trial court revoking her probation and imposing 36 months' incarceration. We reverse.
On September 8, 1992, after pleading nolo contendere to grand theft, Thomas received three years probation, conditioned in part on payment of $1860 in restitution "with partial payments being accepted, through and as directed, by the probation office." On October 13, 1992, Thomas' probation officer set up a restitution payment plan of $95 per month. Three months later, he filed a probation violation affidavit, stating that Thomas had failed to make the $95 payments in November and December 1992.
At the subsequent hearing, Thomas testified that she could not meet the schedule. She stated that she was unemployed and on disability based on profound depression, anxiety attacks, a severe back injury, arthritis, and spinal problems. She further testified that, after paying her bills, approximately $16.00 remained of her $454.00 monthly disability check, out of which she paid $5.00 *1010 monthly toward restitution. The probation officer verified the two $5 payments, and stated that he did not dispute Thomas' financial situation. The trial court thereafter revoked Thomas' probation for violating the payment schedule, adjudicated her guilty, and imposed a 36-month prison term.
Thomas argues that her probation could not be revoked for failing to follow a payment schedule established, not by the trial court, but by the probation officer. The State concedes error, and we agree. Probation may only be revoked where there is a violation of a condition imposed by the court. Moore v. State, 623 So.2d 795, 796 (Fla. 1st DCA 1993). Further, probation may not be revoked for a violation of an invalid condition, and a condition of probation is invalid if it delegates to the probation officer the right to determine the rate of repayment of restitution. White v. State, 606 So.2d 1265 (Fla. 1st DCA 1992).
Accordingly, we reverse the revocation of probation herein, and remand for reinstatement of the original probationary term.[1] On remand, the trial court shall establish a schedule for the payment of restitution required as a condition of that probation.
MINER and ALLEN, JJ., concur.
NOTES
[1] This disposition obviates the need to address Thomas' additional argument that, based on her showing of inability to meet the restitution schedule, the trial court should have considered alternative methods of punishment to incarceration. See § 948.06(4), Fla. Stat. (if a probationer proves that he or she does not have the ability to pay restitution despite bona fide efforts to legally acquire the resources to do so, the court shall consider alternate measures of punishment other than imprisonment).