PARKER, Judge.
Tracy Lewellen appeals the trial court’s order revoking his probation and the sentence imposed. We reverse because the trial court erred in revoking Lewellen’s probation for failure to pay restitution based on a payment schedule established by the probation officer. Our reversal of the revocation order renders Lewellen’s second issue moot.
The record in this case reflects that the 1988 sentencing order provided that Lewel-len was to “[m]ake restitution as directed or at an amount to be determined at restitution hearing.” A special condition of the order of probation provided: “You will make complete restitution as directed.” At the revocation hearing, Lewellen’s first probation officer testified that the probation officers had set the payment schedule. Lewellen testified that there was no hearing to establish the payment schedule and, to his knowledge, the trial court did not set the schedule.
*1368 The trial court cannot delegate to the probation officer the authority to determine a restitution payment schedule. Douglas v. State, 664 So.2d 1099 (Fla. 2d DCA 1995). Further, it is error to revoke probation for failure to follow a payment schedule established, not by the court, but by the probation officer. Thomas v. State, 635 So.2d 1009 (Fla. 1st DCA 1994).
Reversed and remanded.
FRANK, A.C.J., and FULMER, J., concur.