MICKLE, Judge.
The appellant, who was indicted for the shooting death of her husband, Terry Gandy, appeals 1) her conviction for third-degree (felony) murder with a firearm following a jury trial, and 2) certain terms of restitution. We conclude that the evidence supports the jury’s verdict, and that any evidence relating to uncharged collateral crimes was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). As to the issues relating to the terms and conditions of restitution, most of which were not properly preserved by a specific objection below, we reverse only that portion of Condition (13) of the restitution order directing payment “on a schedule as directed by your Probation Officer.” That procedure relates to a non-dele-gable “purely judicial function.” Larson v. State, 572 So.2d 1368, 1371 (Fla.1991) (even without a defense objection, trial court cannot delegate to probation officer the sole authority to perform “a purely judicial function”); Ashe v. State, 582 So.2d 759 (Fla. 1st DCA 1991) (trial court improperly delegated judicial functions by allowing probation officer to set restitution payment schedule and to determine amount of restitution). We note also the need to correct a scrivener’s error on the judgment form, which should indicate section 782.04(4), not section 784.04(4), Florida Statute, as the offense statute number.
AFFIRMING conviction, AFFIRMING sentence in part, and REVERSING and REMANDING sentence in part with directions for the trial court to set a schedule for payment of $22,275 in restitution and to correct a clerical error.
ALLEN and WEBSTER, JJ., concur.