SHAHOOD, Judge.
Appellant, Timothy Collins, appeals from an order and sentence revoking his community control. We affirm.
Appellant was placed on community control in 1996 after entering a plea of nolo contendere to the charges of possession of cocaine and possession of drug paraphernalia. On January 30, 1997, an affidavit of violation of community control was filed alleging that appellant changed his place of residence without consent, that he failed to report to his community control officer, and that he failed to maintain an accounting of his hours in a daily log. At the violation hearing, the trial court advised all alleged violators as follows:
THE COURT: For those of you that are here today for a first violation of probation or community control, by this time you should have had an opportunity to review your warrant. I’m going to ask whether you have or haven’t. I’m going to ask whether you wish to admit or deny the allegations contained within your warrant.
If you admit to the violations, we’ll proceed to sentencing. If you deny them, you’re entitled to a full evidentiary hearing at a later date, at which time the State of Florida will have to come forward and prove the allegations against you.
You have the right to be represented by counsel. If you can’t afford counsel or you don’t have private counsel, the Court is going to appoint the Public Defender’s Office, that is Ms. Strickland and Mr. Co-trone, who are here and able to assist you.
(Emphasis added).
After the appointment of the Public Defender’s Office to represent those charged with violations, the trial court inquired of the appellant individually as follows:
THE COURT: .... Timothy Collins.
THE [APPELLANT]: Yes, sir.
THE COURT: Have you had an opportunity to review your warrant?
THE [APPELLANT]: Yes, sir.
THE COURT: Do you wish to admit or deny the allegations contained within it?
THE [APPELLANT]: I would like to admit it but I would like to explain.
THE COURT: Do you understand that by admitting you’re giving up your opportunity to have an evidentiary hearing in this case?
Do you understand that by admitting the allegation you’re giving up your right to a hearing?
MR. WELLS: In other words, you could fight this and have a hearing on another day.
MS. STRICKLAND [Public Defender]: Judge, could you put Mr. Collins on recall for just a minute?
After a recess, the court then continued by inquiring of appellant as follows:
THE COURT: Timothy Collins.
THE [APPELLANT]: Yes, Your Honor.
THE COURT: So what does he want to do at this point?
MS. STRICKLAND [Public Defender]: Judge, Mr. Collins says he wishes to admit and ask if you would consider Faith Farm or some alternative drug program.
(Emphasis added).
After speaking with appellant as to his explanation for the violations, the trial court revoked appellant’s community control. The trial court then sentenced appellant to a period of imprisonment within the sentencing guidelines.
Appellant argues that State v. Hicks, 478 So.2d 22 (Fla.1985), is controlling and dispos-itive in this case. In Hicks the issue before the Florida Supreme Court was whether a person has an absolute right to counsel in a revocation hearing, and, if so, whether he must be afforded that right before he is required to admit or deny the revocation charges. The Florida Supreme Court stated the following:
*57 We hold that unless there has been an informed waiver thereof such a person is entitled to counsel, and it must be afforded him before he is required to respond in any manner to the revocation charges.
478 So.2d at 23.
We agree that Hicks is dispositive and controlling in this case. However, our examination and analysis of the record of the revocation hearing leads us to conclude that the trial court had appointed the public defender’s office to represent appellant and all others similarly charged at the revocation hearing. Accordingly, the procedure used in this case was in conformity with the holding in Hicks.
Appellant also argues that he did not have representation at the sentencing portion of the hearing. We find that argument unpersuasive, as the record demonstrates otherwise. Further, appellant claims that an incorrect guidelines scoresheet was used in his sentencing. We hold that the issue was not preserved. See Callins v. State, 698 So.2d 883 (Fla. 4th DGA 1997). Further, appellant’s sentence was within the guidelines, and thus, not appealable. See § 924.06, Fla.Stat. (Supp.1996).
AFFIRMED.
STONE, C.J., and GUNTHER, J., concur.