710 So.2d 645 (1998)
Timothy TYLER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1898.
District Court of Appeal of Florida, Fourth District.
April 15, 1998.
*646 Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Chief Judge.
We reverse an order revoking community control. It was fundamental error to require Appellant to admit or deny the pending charges without first appointing counsel or securing an informed waiver of his right to counsel.
After his arrest, Appellant appeared before the court with other alleged probation violators. The court advised the group of their right to admit or deny the allegations against them and stated that if a defendant admitted the charges, the court would proceed to sentencing. The court also advised them that they had the right to counsel. The record reflects that the hearing proceeded as follows:
COURT: [To the group] You have the right to be represented by counsel. If you can't afford counsel or you don't have private counsel, the court is going to appoint the Public Defender's Office, that's Ms. Strickland and Mr. Cotrone, both of whom are here and available to speak with you. Additionally, I want you to be aware that you have the right to appeal any sentence and judgment of this Court within 30 days of today's date. You have the right to be represented by counsel with regard to that. If you can't afford counsel, you're entitled to the appointment of counsel. Timothy Tyler.
DEFENDANT: Yes, sir, Your Honor.
COURT: Do you wish to admit or deny the allegations?
DEFENDANT: I have to admit that I wasn't present at the time that my officer came by, but, Your Honor, at the time that I got violated, I was unemployed at the time. And the reason why I wasn't there when my officer came by the house is because my girlfriend brought my daughter by at the time and she needed medication.
Defendant went on to explain that he went to his mother's house to borrow money for *647 his daughter's medication. Ms. Strickland of the public defender's office spoke up incident to the court's consideration of sentence and suggested that the court should give Defendant a second chance. However, there is nothing in the record indicating that Ms. Strickland was appointed to represent Defendant.
Defendants have a right to counsel at a violation of probation hearing. Hicks v. State, 452 So.2d 606 (Fla. 4th DCA 1984), approved, 478 So.2d 22 (Fla.1985). In Hicks, this court addressed the issue of whether a trial court should require a probationer to admit or deny a charge of probation violation at an initial appearance hearing without first advising him of his right to be represented by counsel. This court acknowledged that probation violators do not necessarily have a constitutional right to counsel at every stage of a violation of probation hearing, as some aspects of these hearings are less formal, and require less constitutional protections than other criminal proceedings. However, we decided that, "as a policy matter an entitlement to counsel is essential to ensure reasonable fairness in revocation proceedings." Id. at 608. This court, therefore, held that before a trial court can take a plea from a probationer in a proceeding involving a probation violation, the probationer must be advised of his right to counsel.
The supreme court later adopted the opinion of this court as its own, and added that "Unless there has been an informed waiver thereof such a person is entitled to counsel, and it must be afforded him before he is required to respond in any manner to the revocation charges." Hicks, 478 So.2d at 23 (Fla.1985) (emphasis added). See also Torres v. State, 517 So.2d 796 (Fla. 4th DCA 1988) (applying Hicks to revocation of community control hearing); White v. State, 606 So.2d 1265,1267 (Fla. 1st DCA 1992) (revocation of probation reversed where "the record does not show that [defendant], who appeared without counsel, made an informed waiver of her right to counsel before being required to respond to the charge of violating probation.").
In the instant case, the court advised the group as a whole of their right to counsel, and the availability of the two public defenders. However, the court then called Defendant and asked him whether he had committed the violation. The record does not reflect that the court asked Defendant if he desired counsel or made an inquiry to establish an informed waiver. Florida Rule of Criminal Procedure 3.111(d) sets forth the requirements for finding an effective waiver of counsel:
(d) Waiver of Counsel.
(1) The failure of a defendant to request appointment of counsel or the announced intention of a defendant to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and the accused's capacity to make an intelligent and understanding waiver.
(3) No waiver shall be accepted if it appears that the defendant is unable to make an intelligent and understanding choice because of a mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than 2 attesting witnesses. The witnesses shall attest the voluntary execution thereof.
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
See also Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Morgan v. State, 504 So.2d 504 (Fla. 4th DCA 1987) (applying the requirements of rule 3.111 to a revocation of probation hearing, and reversing where the trial court failed to make a thorough inquiry into the accused's comprehension of the offer of the assistance of counsel and his capacity to make an intelligent choice).
*648 In the instant case, there is no informed waiver in the record. Ms. Strickland's subsequent comments were, alone, not sufficient to indicate earlier representation or an opportunity to confer with counsel. "The mere appointment of counsel does not satisfy the requirements of State v. Hicks [citation omitted] where the trial court fails to give that counsel an opportunity to counsel his client ..." Torres. See also Schiffer v. State, 617 So.2d 357, 358 (Fla. 4th DCA 1993); Seymour v. State, 582 So.2d 127, 128 (Fla. 4th DCA 1991).
Although two public defenders were available to those who requested counsel, the record does not show that one was assigned to Appellant. Hicks requires counsel (or an informed waiver thereof) before a defendant is required to answer the charge of whether he committed the violation. The assistance of Ms. Strickland incident to sentencing following the plea was too little too late.
A denial of a right to counsel is fundamental error. Bell v. State, 642 So.2d 1113, 1114 (Fla. 1st DCA 1994); May v. State, 623 So.2d 601, 603 (Fla. 2d DCA 1993); State v. Harvey, 573 So.2d 111 (Fla. 2d DCA 1991).
We have considered Collins v. State, 710 So.2d 55 (Fla. 4th DCA 1998), in which we affirmed a violation of community control where the trial court followed the same procedure. However, in Collins, the record reflected the defendant's opportunity to consult with counsel and representation by counsel in entering the ultimate plea. Here, the record reflects only that Appellant was advised of his right to counsel, but not that counsel was appointed or that Appellant had the opportunity to consult with counsel or waived his right to counsel with respect to entry of the plea.
FARMER and GROSS, JJ., concur.