717 So.2d 185 (1998)
J.O., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-151.
District Court of Appeal of Florida, Fifth District.
September 18, 1998.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
*186 ORFINGER, M., Senior Judge.
J.O. appeals from the order adjudicating him to be delinquent and committing him to the Department of Juvenile Justice, following a plea of guilty to possession of less than 20 gram of cannabis and acknowledging that the guilty plea would trigger a violation of an earlier order of community control.
Although appellant and his mother signed a waiver of counsel form prior to his arraignment, the record of the arraignment before us does not reflect any mention by the trial judge of appellant's right to counsel or the right to appointment of counsel. Rule 8.165(b)(2), Florida Rules of Juvenile Procedure states that a child shall not be deemed to have waived assistance of counsel until the "... entire process of offering counsel has been completed and a thorough inquiry into the child's comprehension of that offer and capacity to make that choice intelligently and understandingly has been made." See N.R.L. v. State, 684 So.2d 299 (Fla. 5th DCA 1996) (defendant must be advised of his right to counsel, and if he chooses to waive counsel the court must query the defendant to determine if the waiver was freely and intelligently made). See also, R.V.P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981). Only after a "thorough inquiry" has been made as required by Rule 8.165 to determine whether the waiver was freely and intelligently made may J.O.'s plea be taken.
Although the issue was never presented to the trial court in a motion to withdraw the plea, thus not preserved for appeal, failure to comply with Rule 8.165 has been held to be fundamental error. See J.R.V. v. State, 715 So.2d 1135 (Fla. 5th DCA 1998). See also, Tyler v. State, 710 So.2d 645 (Fla. 4th DCA 1998).
REVERSED AND REMANDED.
DAUKSCH and PETERSON, JJ., concur.