NORTHCUTT, Judge.
The circuit court found that Katrine Gibson violated her probation by moving from her approved residence without permission. At the revocation hearing, the court told her that if she wanted a lawyer and couldn’t afford one, it would appoint one. Gibson declined, stating she would take care of the matter on her own without a lawyer. She now challenges the revocation of her probation on the ground that the court did not conduct a proper Faret-ta [1] inquiry and that her waiver of counsel was not knowing and intelligent. We agree and reverse.
As our supreme court noted in State v. Hicks, 478 So.2d 22, 23 (Fla.1985), there is no constitutional requirement that counsel be appointed in all probation revocation proceedings. See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). But the Hicks court held that for the sake of uniformity in Florida, counsel must be provided to a probationer before she is required to respond to the revocation charges, unless there has been an informed waiver of counsel.
Moreover, our review of the record leads us to believe that this case is one in which a constitutional right to counsel arose. Gagnon explained that the right to counsel at probation revocation hearings should be determined on a case-by-case basis. See 471 U.S. at 788, 105 S.Ct. 2407. Even where a violation is uncontested, counsel presumptively should be appointed where “there are substantial reasons which justified or mitigated the violation and make revocation inappropriate.... ” Id. at 790, 105 S.Ct. 2407. While it is clear that Gibson changed her residence without first notifying her probation officer, the record showed that she was seriously ill and had moved in with her mother. Gibson also contended that she had notified the probation department several days after her move. Certainly, in such a case an attorney would have argued that her violation was not willful and did not support revocation.
Whether based on Gagnon or Hicks, Gibson had a right to counsel at her probation revocation hearing. The circuit court failed to conduct the thorough inquiry required to establish that she knowingly and intelligently waived her right to have an attorney represent her. See Fla. R.Crim. P. 3.111(d); Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We reverse the order revoking Gibson’s probation and remand for a new hearing.
Reversed and remanded.
PATTERSON, C.J., and STRINGER, J., Concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).