773 So.2d 635 (2000)
T.S., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3453.
District Court of Appeal of Florida, Fifth District.
December 15, 2000.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
T.S. appeals the trial court's order which committed her to a Level Eight Facility, after the trial court adjudicated her delinquent *636 in two cases.[1] Both cases concerned violations of the City of Orlando's Youth Protection Ordinance, which bars juveniles from certain areas of downtown Orlando after midnight. T.S. argues two points: the trial court committed fundamental error when it accepted her guilty pleas to the charges without informing her of her right to counsel and that the trial court erred in placing her in a Level Eight rather than Level Six facility, contrary to the Department's recommendation. We agree with T.S.'s first point, but disagree with her second.
The record discloses that at the plea hearing, T.S. was not represented by counsel and further, she was not informed of her right to counsel. Florida Rule of Juvenile Procedure 8.165(a) requires that a juvenile be advised of her right to counsel at each stage of the proceeding. The trial court made a brief reference to having explained to T.S. her "rights under the constitution," to which she agreed. However, this explanation does not appear anywhere in the transcript. There are written waivers of the right to counsel in the record for both cases, but neither was witnessed.
The trial court's failure to advise T.S. of her right to counsel at the plea hearing, and to obtain a knowing and intelligent waiver of that right or to make a record which demonstrates these requirements were satisfied, is fundamental error. See J.R.V. v. State, 715 So.2d 1135 (Fla. 5th DCA 1998); Tyler v. State, 710 So.2d 645 (Fla. 4th DCA 1998); E.V.R. v. State, 342 So.2d 93 (Fla. 3d DCA 1977); Fla. Rules Juv. P. 8.165(b)(2) and (3).
The sixth amendment right to counsel is a basic constitutional right, which applies to juvenile delinquency proceedings at all critical stages. United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973); A.D. v. State, 740 So.2d 565 (Fla. 5th DCA 1999); A.G. v. State, 737 So.2d 1244 (Fla. 5th DCA 1999); State ex rel. Alton v. Conkling, 421 So.2d 1108 (Fla. 5th DCA 1982). A pretrial event constitutes a critical stage when the accused requires aid in coping with legal problems or help in meeting his adversary. Ash. Critical stages of a proceeding include arraignment, trial, conviction and sentencing. R.V.P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981). See also A.Z. v. State, 383 So.2d 934 (Fla. 5th DCA 1980); Machwart v. State, 222 So.2d 38 (Fla. 2d DCA 1969). A plea is a critical stage in a criminal adjudication and warrants the same constitutional guarantee of effective assistance as do trial proceedings. Cottle v. State, 733 So.2d 963 (Fla.1999).
Accordingly the commitment order and adjudication must be reversed. We need not reach T.S.'s second point on appeal. However, in an effort to give guidance on remand, we note that the record supports the trial court's increase in restrictiveness levels, above the Department's recommendation. A court may order placement of a child at a restrictiveness level which differs from the Department's recommendations, if the reasons given by the trial court reference characteristics of the levels as regards the needs of the child, and they are supported by a preponderance of the evidence. A.G.
In this case, the trial court was faced with a child who ran away from home or any other placement, and if given the opportunity to do so in the future, she freely admitted she would run away again. She was a young teen, at risk on her own. She had tried to harm herself in the past, and considered suicide. She used and abused drugs as well as alcohol, and was sexually active. Only at a Level Eight facility could she receive treatment for past sexual abuse, and be securely confined. We do not think the trial judge *637 abused his discretion in exceeding the Department's Level Six recommendation, although the charges against T.S. were only misdemeanors.
REVERSED and REMANDED.
HARRIS, J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] At the time of these offenses, T.S. was thirteen years old. Case Number JU99-7007 involved an incident, which occurred on September 12, 1999; and Case Number 99-7369 involved an incident, which occurred on September 26, 1999.