910 So.2d 388 (2005)
Lisa Carnes BRADY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2778.
District Court of Appeal of Florida, Second District.
September 21, 2005.
*389 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
The trial court found Lisa Carnes Brady, who was serving two years' probation for burglary and multiple counts of uttering a forged check, in violation of her probation after a revocation hearing. Because Brady did not have the assistance of counsel at the hearing and did not waive her right to counsel, we reverse.
Brady began serving two years' probation in April 2003. A month later, the State filed an affidavit accusing her of violating her probation by testing positive for marijuana. Apparently, on July 17, 2003, there was a revocation hearing at which Brady, represented by a public defender, admitted the violation. The court modified her probation, adding drug conditions. In April 2004, the State filed another affidavit accusing Brady of again violating her probationthis time by testing positive for cocaine. On May 14, 2004, there was another revocation hearing. The following exchange occurred:
[STATE]: Judge, this is a probation case we are asking you to modify the probation by extending the probation for two years from the original termination date. . . .
. . . .
THE COURT: Is [Brady] represented?
[STATE]: Apparently not, Judge.
THE COURT: Ms. Brady the recommendation is that if you admit the violation *390 of your probation specifically with regard to conditions four and five, the sentence would be or the action of the Court would be that your probation would be modified by extending it for two years, ordering new evaluationsa new drug evaluation. And treatment at the Bridge Program is indicated by an evaluation. Now, that is what would happen if you admit it. If you deny it then you would be entitled to an evidentiary hearing and a Court appointed attorney if you can't afford one.
[BRADY]: I already admitted to my probation officer.
THE COURT: You admit the violation of probation.
[BRADY]: Yes, Sir.
THE COURT: You understand that you are giving up your right to a hearing?
[BRADY]: Yes, Sir.
THE COURT: And you are making this admission freely and voluntarily?
[BRADY]: Yes, Sir.
THE COURT: Based on your admission of violation of probation I will modify your probation by extending it for two years, ordering drug evaluations and treatment in and by the Bridge Program if indicated. All right, thank you.
The court revoked Brady's probation and extended her probation term two years. Brady's appellate counsel initially filed an Anders[1] brief. Our review of the record suggested that Brady had been denied her right to counsel, and we asked for supplemental briefing on the issue.
The United States Supreme Court has held that a state is not constitutionally obligated to provide counsel for indigents in all probation revocation cases. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). However, Florida has adopted the rule that "unless there has been an informed waiver [of the right to counsel, a probationer] is entitled to counsel, and it must be afforded him before he is required to respond in any manner to the revocation charges." State v. Hicks, 478 So.2d 22, 23 (Fla.1985).
Under Hicks, Brady was entitled to counsel at the revocation hearing before she was required to "respond in any manner to the revocation charges." Id. The court's offer to only extend Brady's probation does not dispense with her right to counsel. There is no evidence that Brady knowingly and intelligently waived her right to counsel. At the first revocation hearing, a public defender represented Brady. At the second revocation hearing, the one at issue in this appeal, Brady appeared without appointed counsel. The court asked the State whether Brady was represented by counsel, but it failed to direct any inquiry at all toward Brady to determine whether she had knowingly and intelligently waived her right to have an attorney represent her. See Fla. R.Crim. P. 3.111(d); Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The denial of Brady's right to counsel is fundamental error requiring reversal. See Tyler v. State, 710 So.2d 645, 648 (Fla. 4th DCA 1998) ("A denial of a right to counsel is fundamental error."); see also Edwards v. State, 721 So.2d 744, 745 (Fla. 4th DCA 1998) (setting aside a defendant's guilty plea and sentence and remanding for a new violation of probation hearing when the defendant admitted a violation without being given adequate time to confer with an appointed attorney and without expressly waiving his right to confer with counsel); White v. State, 606 So.2d 1265, 1267 (Fla. 1st DCA 1992) (reversing a revocation of probation when the record on appeal did not show that the defendant, *391 "who appeared without counsel, made an informed waiver of her right to counsel before being required to respond to the charge of violating probation"). Accordingly, we reverse the order revoking Brady's probation and remand for a new hearing.
Reversed and remanded.
WALLACE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).