968 So.2d 92 (2007)
Kelvin PEARCE, a/k/a Kelvin Gerard Pearce, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2204.
District Court of Appeal of Florida, Second District.
November 16, 2007.
*93 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Kelvin Pearce challenges a restitution order imposed after he pleaded guilty to petit theft, a first-degree misdemeanor. § 812.014(2)(e), Fla. Stat. (2000). He argues  and the State concedes  that the trial court erred when it authorized Mr. Pearce's probation officer to establish a payment schedule for the restitution amount. We agree and reverse the restitution order in part with directions.

The Restitution Order & Subsequent Orders
At Mr. Pearce's April 26, 2006, sentencing and restitution hearing, the trial court withheld adjudication on the petit theft offense. The trial court imposed a sentence of twelve months' probation, and it ordered Mr. Pearce to pay $10,515 in restitution to the victim. Notably, the trial court delegated the matter of establishing a payment schedule to Mr. Pearce's probation officer. Mr. Pearce timely filed his notice of appeal.
On November 20, 2006, Mr. Pearce filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). Mr. Pearce did not contest the amount of the restitution award, but he argued that the trial court erred when it authorized his probation officer to determine a schedule for the restitution payments. The trial court agreed, and on January 25, 2007, it filed an order granting Mr. Pearce's motion and awarding him a new restitution hearing. On February 7, 2007, the circuit court set a restitution payment schedule at $250 per month. Finally, on April 12, 2007, the circuit court entered an order modifying the terms of Mr. Pearce's probation so that any restitution amount outstanding at the end of his one-year probationary term would be converted to a lien.

Analysis
As the State concedes, the trial court erred in its original restitution order when it delegated to Mr. Pearce's probation officer the authority for determining the restitution payment schedule. Florida courts have long held that the determination of a restitution payment schedule is a judicial responsibility that cannot be delegated. Lewellen v. State, 685 So.2d 1367, 1368 (Fla. 2d DCA 1996); Douglas v. State, 664 So.2d 1099, 1099 (Fla. 2d DCA 1995); Guinn v. State, 652 So.2d 902, 902 *94 (Fla. 2d DCA 1995); Briggs v. State, 647 So.2d 182, 182 (Fla. 1st DCA 1994); see also Thomas v. State, 635 So.2d 1009, 1010 (Fla. 1st DCA 1994) (finding error where the trial court revoked probation based on the defendant's failure "to follow a payment schedule established, not by the trial court, but by the probation officer"). In addition, while the trial court clearly intended to correct its error when it granted Mr. Pearce's rule 3.800(b)(2) motion, we note that sixty-six days had elapsed from November 20, 2006 (the day Mr. Pearce filed his motion) to January 25, 2007 (the day the order granting the motion was filed). Consequently, Mr. Pearce's motion was deemed denied by rule when the trial court failed to dispose of it within sixty days  i.e., by January 19, 2007. See Fla. R.Crim. P. 3.800(b)(1)(B). For these reasons, we affirm the restitution order to the extent that it established the restitution amount, but we reverse the restitution order to the extent that it delegated to the probation officer the determination of the payment schedule.
Because the circuit court did not file an order ruling on the motion within the sixty-day time period, its jurisdiction to correct the error terminated on January 19, 2007. Thus the January 25 order granting Mr. Pearce's motion, the February 7 order setting the restitution payment schedule at $250 per month, and the April 12 order converting all outstanding restitution amounts to a lien are nullities. Whitmore v. State, 910 So.2d 308, 308 (Fla. 2d DCA 2005); Sessions v. State, 907 So.2d 572, 573 (Fla. 1st DCA 2005). Accordingly, we vacate these orders.

Conclusion
To summarize, we affirm Mr. Pearce's judgment and sentence, and we affirm the portion of the restitution order that establishes the restitution amount. We reverse the restitution order to the extent that it delegates authority to Mr. Pearce's probation officer to determine the restitution payment schedule. We vacate the three orders entered after January 19, 2007, and we remand with directions to conduct a new restitution hearing to determine the appropriate method for Mr. Pearce to satisfy the remainder of his restitution obligation.
Affirmed in part, reversed in part, and remanded with directions.
CASANUEVA and CANADY, JJ., Concur.