CRENSHAW, Judge.
 

 Dexter D. Grable appeals his concurrent twenty-year minimum mandatory sentences for attempted second-degree murder and shooting into a building. We reverse and remand for resentencing because the offense of shooting into a building is a second-degree felony punishable by a term of imprisonment not exceeding fifteen years, and it is not an offense for which the minimum mandatory sentence can be imposed.
 

 Grable pleaded no contest to attempted second-degree murder and shooting into a building, and he was sentenced to a concurrent twenty years’ imprisonment with the minimum mandatory sentence imposed on each count pursuant to section 775.087, Florida Statutes (2007). Grable filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error arguing that his sentence for shooting into a building was illegal because that offense, under section 790.19, Florida Statutes (2007), is not a listed offense for which
 
 *990
 
 the minimum mandatory sentence can be imposed under section 775.087(2)(a)(l). Although the trial court eventually granted the motion and amended Grable’s sentence, it did so beyond the sixty-day time period set forth in rule 3.800(b)(2)(B). Therefore, Grable’s motion is deemed denied and the amended sentence is a nullity.
 
 See
 
 Fla. R.Crim. P. 3.800(b)(2)(B);
 
 Pearce v. State,
 
 968 So.2d 92, 94 (Fla. 2d DCA 2007);
 
 Jackson v. State,
 
 793 So.2d 117, 118 (Fla. 2d DCA 2001).
 

 The trial court recognized and the State properly concedes that Grable’s sentence for shooting into a building is illegal. The minimum mandatory sentence provision in section 775.087(2)(a)(l) does not apply to a conviction under section 790.19.
 
 See Bradford v. State,
 
 722 So.2d 858, 860 (Fla. 1st DCA 1998);
 
 Samuels v. State,
 
 681 So.2d 915, 915-16 (Fla. 4th DCA 1996);
 
 see also Simmons v. State,
 
 457 So.2d 534, 535 (Fla. 2d DCA 1984). We also note that the sentence of twenty years’ imprisonment for shooting into a building is illegal because the offense is a second-degree felony punishable by a term of imprisonment not exceeding fifteen years.
 
 See
 
 §§ 790.19, 775.082(3)(c). Accordingly, we reverse Grable’s sentence and remand for the imposition of a corrected sentence consistent with this opinion.
 
 [1]
 

 Reversed and remanded for resentenc-ing.
 

 WHATLEY and SILBERMAN, JJ., Concur.
 

 [1]
 

 . We note that Grable need not be present for the entry of the corrected sentence.
 
 See Win-disch v. State,
 
 709 So.2d 606, 607 (Fla. 2d DCA 1998).