SILBERMAN, Chief Judge.
Gregory A. Speckhardt seeks review of the order revoking his probation and placing him on two years of community control. Although Speckhardt admitted to the violation, he did so without first being offered or provided counsel and without the State having filed an affidavit of violation of probation. These two omissions require reversal.
In April 2010, Speckhardt entered guilty pleas to various burglary and grand theft charges. The court sentenced Speckhardt to twenty-four months of probation to run concurrently with a condition that he serve thirty days in jail. On May 12, 2011, Speckhardt was arrested for possessing marijuana. He appeared in front of the court for a probable cause hearing the next day. The court informed Speckhardt that he had a violation of probation for possessing marijuana. The court found probable cause and then told Speckhardt that the State was going to make him an offer. After hearing other cases, Speck-hardt’s case was recalled. The court informed Speckhardt that the State was offering two years of house arrest with drug conditions. Speckhardt replied, “I’ll take it.”
The court then engaged Speckhardt in a plea colloquy. The court asked Speck-hardt if he understood the rights he was giving up and Speckhardt responded, “Yes, Sir.” The court started to ask if Speck-hardt was satisfied with counsel and then corrected itself and asked if Speckhardt was satisfied with moving forward without having an attorney. Speckhardt replied in the affirmative, and the judge accepted his plea.
On appeal Speckhardt correctly argues that he was entitled to be informed of his right to counsel before he was required to respond to charges that he violated his probation. See State v. Hicks, 478 So.2d 22, 23 (Fla.1985); Brady v. State, 910 So.2d 388, 390 (Fla. 2d DCA 2005). And without a knowing and intelligent waiver of the right to counsel, the trial court erred by accepting Speckhardt’s admission to the violation of probation. See Brady, 910 So.2d at 390.
*87 Speckhardt was also entitled to written notice of the claimed violations of his probation. See Staley v. State, 851 So.2d 805, 806 (Fla. 2d DCA 2003). The State argues that the criminal report affidavit was sufficient to constitute an affidavit of violation of probation. See Chadwick v. State, — So.3d - (Fla. 2d DCA 2012). However, for a criminal report affidavit to provide sufficient written notice of the claimed violations of probation, it must “eontain[ ] the factual allegations necessary to fulfill the function of an affidavit alleging a violation of probation.” Id. at-. The factual allegations in the criminal report affidavit do not fulfill this function. These allegations reference the reason for the arrest as Speckhardt’s possession of marijuana not his violation of probation. While the allegations do reference Speckhardt’s being on probation, they do not inform him that he is being charged with a violation of probation and do not mention any conditions of probation Speckhardt may have violated by possessing marijuana. We therefore reverse the order revoking Speckhardt’s probation without prejudice to any right the State may have to file an appropriate affidavit of violation of probation. See Perkins v. State, 842 So.2d 275, 278 (Fla. 1st DCA 2003).
Reversed.
WALLACE and BLACK, JJ., Concur.