GRIFFIN, J.
In his sole point on appeal, Appellant, Scott Spor, asserts that the trial court erred in delegating its authority to set or adjust the restitution payment schedule to the assigned probation officer. Here, the probation order states:
Payment shall be made in the amount of at least $1,000.00 per month for the nine month period commencing with the date *1069 of this Order. After the ninth month upcoming, the Defendant’s probation officer may, based upon any change in the Defendant’s financial or other circumstances, increase the Defendant’s minimum monthly payment to an amount deemed appropriate by the probation officer, but not to exceed $6,000.00.
The State properly concedes error. “Florida courts have long held that the determination of a restitution payment schedule is a judicial responsibility that cannot be delegated.” Pearce v. State, 968 So.2d 92, 93 (Fla. 2d DCA 2007). See also Edwards v. State, 892 So.2d 1192, 1194 (Fla. 5th DCA 2005); Gandy v. State, 695 So.2d 792, 793 (Fla. 1st DCA 1997); White v. State, 606 So.2d 1265, 1266 (Fla. 1st DCA 1992); Bowen v. State, 590 So.2d 1067 (Fla. 5th DCA 1991).
REVERSED and REMANDED.
PALMER and TORPY, JJ., concur.