WOLF, J.
Appellant challenges his convictions and sentence for second-degree murder and tampering with evidence. We affirm on all issues except one pertaining to the imposition of a minimum mandatory sentence, and we reverse and remand for resentenc-ing.
The trial court sentenced appellant on the second-degree murder count to life in prison with a twenty-five-year minimum mandatory pursuant to section 775.087(2)(a)(3), Florida Statutes (2006), which applies where the defendant discharged a firearm causing death or great bodily harm. Appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) and argued this sentence was illegal because in the special verdict, the jury did not find that he discharged a firearm causing death or great bodily harm, but instead simply found that he discharged a firearm. Thus, appellant asked the court to resentence him to a twerity-year minimum mandatory for discharging a firearm pursuant to section 775.087(2)(a)(2), Florida Statutes (2006).
The trial court granted the motion and imposed a corrected sentence with a twen *1003 ty-year minimum mandatory. However, the trial court ruled on the motion more than sixty days after the motion was filed. Sixty days after the motion was filed, the trial court’s jurisdiction ended and the motion was deemed denied. See Fla. R. Crim. P. 3.800(b)(2); Hart v. State, 773 So.2d 1263, 1264 (Fla. 1st DCA 2000). Thus, the court’s order granting the motion and the corrected sentence are nullities. See Pearce v. State, 968 So.2d 92, 94 (Fla. 2d DCA 2007). Therefore, we reverse the original sentence and the corrected sentence and remand for resentenc-ing. On all other issues, we affirm.
REVERSED IN PART AND REMANDED.
ROBERTS and MAKAR, JJ., concur.