PER CURIAM.
This appeal was filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). As appellate counsel contends on appeal, Appellant’s motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), is deemed denied given that the trial court did not rule on the motion. See Fla. R. Crim. P. 3.800(b)(2)(B); Bass v. State, 122 So.3d 1002, 1003 (Fla. 1st DCA 2013) (“Sixty days after the motion [to correct sentencing error filed pursuant to rule 3.800(b)(2)] was filed, the trial court’s jurisdiction ended and the motion was deemed denied.”). As to the merits of Appellant’s motion, we agree with appellate counsel that the written judgment erroneously cites Appellant’s aggravated battery conviction as a violation of section 787.01(l)(a)3., Florida Statutes, instead of section 784.045(l)(a). We also agree that the trial court erred in imposing a $415 court cost pursuant to section 775.083(2), Florida Statutes, instead of the statutorily authorized fee of $50 for a felony. We, therefore, reverse and remand for correction of the written judgment and sentence to reflect the correct statute and statutory cost. As we explained in Harrison v. State, 146 So.3d 76, 78 (Fla. 1st DCA 2014), “If other authorized costs were consolidated in this $415.00 assessment, the trial court may reimpose the authorized sums following the appropriate procedure.”
AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
LEWIS, C.J., VAN NORTWICK and SWANSON, JJ„ concur.