MILLS, Judge.
As a result of a plea agreement, Baker pled guilty to a charge of possession of dangerous drugs; he was adjudged guilty; and he was placed on probation for five years. Thereafter, Baker was charged with larceny of a firearm and possession *629 of a firearm by a convicted felon. Then he was charged with violation of probation. As a result of a plea agreement, Baker pled guilty to the charge of violation of probation, and the State dismissed the charges of larceny of a firearm and possession of a firearm by a convicted felon. Thereupon, the trial court revoked his probation and sentenced him to three and one-half years in prison.
The trial court established that Baker’s plea of guilty was made knowingly and voluntarily. In addition, the trial court determined that Baker admitted violating his probation, and that there was a factual basis for the plea. However, after doing this, and at the conclusion of the revocation hearing, the trial court asked Baker why he took the firearm. Baker responded that he did not mean to; that he was intoxicated at the time. Now, Baker urges that the trial court erred in failing to make further inquiry into the factual basis for the plea, as Baker’s response indicated a possible defense to the charge of larceny which Baker should have knowingly and intelligently waived. The trial court did not err.
Probation is a matter of grace, not right. Section 948.06(1), Florida Statutes, provides that the trial court shall advise a probationer of the charge of violation, and if the charge is admitted to be true may forthwith revoke probation. A revocation hearing need not meet the strict requirements of a criminal trial. Baker was advised of the charge of violation, and after counselling with his attorney admitted the charge was true. This was sufficient.
In addition, Baker received a favorable plea agreement which resulted in the dismissal of the charges of larceny and possession of a firearm by a convicted felon.
Affirmed.
BOYER, C. J., and McCORD, J., concur.