RYDER, Judge.
Marvin Leonard appeals from the revocation of his probation after which he was sentenced to two four-year terms of imprisonment to run concurrently. We address the question whether there has been an adequate revocation hearing. After reviewing this somewhat confusing record, we believe Leonard was not given an adequate hearing.
Appellant was charged with burglary of a dwelling and, after a plea of nolo conten-dere, he was placed on probation. During his probationary period, an affidavit was filed charging him with the violation of condition (1) which required the filing of monthly reports; violation of condition (2) relating to the paying of supervisory fees; and violation of condition (8) involving a failure to report to the probation officer’s office.
During Leonard’s first probationary period, he was also charged (under an assumed name of William Oxendine) with burglary of a conveyance. Because of the use of a different name, this fact was not ascertained until later. As “Oxendine”, Leonard had entered a nolo plea to that charge and also received a period of probation. Thereafter, another affidavit was filed citing a violation of condition (8) which specified that he was to promptly and truthfully answer all inquiries directed to him by the court or the probation officer. On the same day, a short hearing was held to take up the allegations of probation violation. After reading part of the warrant, which cited the three violations of probation for the offense of burglary of a dwelling, Leonard’s attorney made the following statement:
Your Honor, he would also . . . your hon- or, as to violating condition (8) on that warrant which states he would promptly and truthfully answer all inquiries, he would admit to having violated that as he did tell a lie to his probation officer.
Appellant’s counsel then stated to the court that she had explained to appellant that the court intended to impose a four — year sentence. Then she argues that there were mitigating circumstances. Immediately after appellant was adjudicated guilty, Leonard indicated to his counsel that he wished to hire another attorney. From this record, we cannot discern where, if ever, Leonard actually pleaded guilty, not guilty or nolo contendere to any charges.
While in a probation revocation hearing, the requirements of Boykin v. Alabama,[1] need not be fulfilled to the letter, we do require that the probationer be given a reasonable opportunity to present his position,[2] which was not done here.
*325 Under these circumstances, we believe the trial judge should have afforded the probationer a fuller hearing, including an inquiry as to whether he was admitting guilt to one, all, or none of the violations. Also, in the instant case, little, if any, evidence to substantiate the violations was presented. Therefore, we REVERSE, set aside the judgments of guilt and sentence and REMAND for another hearing on all alleged probation violations.
REVERSED and REMANDED.
HOBSON, Acting C. J., and GRIMES, J., concur.

. 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Washington v. State, 284 So.2d 236, 237 (Fla. 2d DCA 1973); McNeely v. State, 186 So.2d 520 (Fla. 2d DCA 1966).