JOANOS, Judge.
Douglas appeals the trial court’s revocation of his probation. After being placed on probation for forgery, Douglas was charged with violating five conditions of his probation. With assistance of counsel, he pled guilty to three alleged violations, those of not filing monthly reports, not paying monthly costs of supervision, and of changing his residence without prior approval. After a hearing he was found guilty of the three admitted violations as well as the alleged violation that he had violated the law while on probation in that he committed robbery. His probation was revoked and he was sentenced to a term of two years with 40 days credit for time already served.
Appellant’s appeal does not challenge the revocation of probation and the sentence. His brief states awareness of the cases which hold that despite one erroneous ground for revocation of probation that there is no reversible error where “... substantial grounds remain to support the revocation and where it is clear from the record that the trial court would have revoked the probation on the remaining grounds.” The only relief asked on appeal is to strike from the trial court’s findings that appellant violated his probation by failing to pay the costs of supervision. We affirm.
Appellant’s argument is that a trial court may not revoke probation for failure to pay any amounts required to be paid as a condition of that probation without a specific finding that the probationer had the financial ability to make the payments. For this proposition he cites a number of district court of appeal cases including one from this court, Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978). We are aware that the stated principle of law is set forth in the cases cited. However, the case before us involves a situation where the defendant has pled guilty to the allegation of failure to pay. We can find nothing in the cases cited to suggest that the requirement that the state must prove ability to pay applies when a defendant pleads guilty to a violation of probation. An informed guilty plea in a probation violation case relieves the state of its proof requirements and waives the defense of inability to pay as well as other defenses. Upon a plea of guilty to an allegation of probation violation, there is no requirement that there be a determination as to the factual basis of the plea. Suggs v. State, 304 So.2d 463, 464 (Fla. 2d DCA 1974). While minimal due *14 process standards must be met in probation revocation proceedings, it is not necessary to meet the strict requirements of a criminal trial. Baker v. State, 319 So.2d 628, 629 (Fla. 1st DCA 1975).
AFFIRMED.
THOMPSON, J., concurs.
MILLS, J., concurs specially with an opinion.