662 So.2d 380 (1995)
Clarence ALLEN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 94-3355.
District Court of Appeal of Florida, Fourth District.
November 1, 1995.
Rehearing Denied November 28, 1995.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant's probation was revoked after he admitted violating it; however, he now argues that the trial court failed to make an adequate inquiry as to whether his plea was knowingly and voluntarily made. We reverse because, although the requirements regarding guilty pleas in original criminal proceedings are not all applicable to admitted violations of probation, we have concluded that his probation should not have been revoked for failure to pay costs without a finding that appellant had the financial ability to pay.
Appellant was placed on probation in 1990 after serving a four year prison term for *381 convictions for two counts of attempted armed robbery. In 1994 a violation of probation form was filed alleging that he had failed to file monthly reports, and failed to pay supervision costs, court costs and public defender fees. Appellant signed a petition admitting to the violations, but at the hearing, during which he was represented by counsel, he testified that his failure to report was because of confusion and that he lacked the ability to make the payments because he did not have a job. The trial court thereafter sentenced him without further inquiry.
Appellant's argument, that the trial court erred in not inquiring as to whether his plea of guilty to violating probation was freely and voluntarily given, was rejected in Washington v. State, 284 So.2d 236 (Fla. 2d DCA 1973). After noting that the strict requirements of guilty pleas in original criminal proceedings were established in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), Judge Grimes explained:
Section 948.06, Florida Statutes, F.S.A., states that at a hearing on revocation of probation, the court shall advise the probationer of the charge of violation. The statute further provides that if such charge is admitted, the court may revoke the probation. While appellant was advised of the charge of violation and admitted that he understood that a guilty plea would open up his original sentence for reconsideration, there was no affirmative inquiry into whether the plea was voluntarily and freely given. Hence, the record might not stand the scrutiny of Boykin had this been a plea to an original criminal charge, but we do not need to decide that question. A hearing for the revocation of probation need not meet the strict requirements of a criminal trial. It is enough that a hearing be held in which evidence is taken and in which the probationer has a reasonable opportunity to present his position. McNeely v. State, Fla.App. 1966, 186 So.2d 520.
Here, appellant was represented by counsel, and the record reflects that he knew what he was doing when he made his plea. There was no contention that the plea was not freely and voluntarily given. While such a contention was said to be irrelevant in Boykin, we have concluded that the requirements of Boykin need not be fulfilled to the letter in a hearing on revocation of the privilege of probation.
Washington, 284 So.2d at 237. The federal courts have also concluded that Boykin is inapplicable where a violation of probation is admitted. See United States v. Johns, 625 F.2d 1175 (5th Cir.1980), and cases cited therein.
We are, however, troubled by the fact that appellant testified at the hearing that he lacked the ability to pay the costs because he did not have a job. In Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the Supreme Court held that a sentencing court, when revoking probation for failure to pay a fine or restitution, must inquire as to why there was a failure to pay. To revoke because the probationer cannot pay, where the probationer is not at fault, "would be contrary to the fundamental fairness required by [the due process and equal protection clauses of] the Fourteenth Amendment." Bearden, 461 U.S.at 673, 103 S.Ct. at 2073.
We thus conclude that appellant's probation could not be violated for his failure to pay costs and fees without a finding that he had the financial ability to pay. We certify conflict with Douglas v. State, 433 So.2d 12 (Fla. 1st DCA 1983), in which the majority concluded that a plea of guilty to a violation of probation waives the defense of inability to pay. In the event that the court, on remand, does not find an ability to pay, we direct the court to reconsider whether the failure to report was, in and of itself, sufficient to revoke. See Moore v. State, 632 So.2d 199 (Fla. 1st DCA 1994).
Reversed.
DELL and STEVENSON, JJ., concur.