MICKLE, Judge.
Angelo Davis, the appellant, appeals an order denying .his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand with directions. Pursuant to a February 1992 plea agreement, Davis pled no contest to five counts of various crimes charged in four different eases. It is undisputed that the plea agreement provided for 5 years in prison, to be followed by 2 years of probation. The sentences on the five counts were made concurrent, and the trial court imposed judgment and sentence in accordance with the written plea agreement. After serving his prison sentence, Davis was found to have violated *528 probation, his probation was revoked, and he was sentenced to 12 years in prison.
In Issue I, Davis claims that the sentence imposed upon violation of probation constitutes an impermissible breach of the original plea agreement, thereby rendering his plea involuntary. In other words, Davis argues that despite his own breach of the original plea agreement by violating probation, the trial court, on resentencing, could impose no more than the originally agreed sanctions. This argument is without merit. The law provides for penalties for those offenders who violate probation. In fact, section 948.06(1), Florida Statutes (1991), provides that where probation is properly revoked, as it was here, the trial court
shall adjudge the probationer ... guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer ... on probation.
The 12-year term of imprisonment falls within the sentencing range that could have been imposed originally. As to Issue II, in which Davis alleges that counsel was ineffective for failing to object to the post-revocation sentence, we find no error to which his attorney should have objected.
In Issue III, Davis alleges that the trial court erred in calculating his allowable jail credits. A post-conviction motion is the proper mechanism for resolving the factual question relating to the number of days’ credit to which a defendant is entitled. Barfield v. State, 671 So.2d 820 (Fla. 1st DCA 1996) (affirming denial of Rule 3.800 motion, without prejudice to file a timely, proper Rule 3.850 motion alleging denial of credits). In his postconviction motion, Davis alleged that he had actually received only 182 days of credit, whereas he claimed entitlement to substantially more days’ credit. The lower court summarily denied relief. Because Davis made a prima facie claim for relief, we reverse the order insofar as it relates to Issue III and remand for a proper calculation of the credits received and due, or for attachment of those portions of the record that conclusively refute his claim.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
SHIVERS and ALLEN, JJ., concur.