721 So.2d 744 (1998)
Brian EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3173.
District Court of Appeal of Florida, Fourth District.
November 4, 1998.
*745 Michelle A. Konig of Law Offices of Michelle A. Konig, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The issue in this case is whether the proceedings in the trial court comported with the minimal procedural requirements for the acceptance of a guilty plea to a charge of violation of probation.
In accepting a guilty plea to a violation of probation, the trial court need not comply with the requirements of Florida Rule of Criminal Procedure 3.172. See Allen v. State, 662 So.2d 380 (Fla. 4th DCA 1995); Washington v. State, 284 So.2d 236 (Fla. 2d DCA 1973). Section 984.06, Florida Statutes (1997), requires the court to "advise" the probationer of the violation charges. The probationer should also be told of the potential consequences of a guilty plea, the right to counsel, and the right to a final hearing on violation of probation, at which time a probationer has the "opportunity to be fully heard on his or her behalf in person or by counsel." § 984.06, Fla. Stat. (1997); see State v. Hicks, 478 So.2d 22 (Fla.1985); Allen; Donley v. State, 557 So.2d 943 (Fla. 2d DCA 1990); Washington. The right to counsel under Hicks includes the ability to confer with counsel prior to entering a plea. See Schiffer v. State, 617 So.2d 357 (Fla. 4th DCA 1993).
In this case, the record does not reflect that the trial court adequately advised appellant of his options at the preliminary hearing for violation of probation, either individually, or as part of a group of alleged violaters at the beginning of the court proceeding. Cf. Collins v. State, 710 So.2d 55 (Fla. 4th DCA 1998). Appellant was given inadequate time to confer with the attorney appointed seconds before the plea and he did not expressly waive his right to confer with counsel. We therefore set aside the guilty plea and sentence, and remand to the trial court for a new violation of probation hearing.
POLEN, GROSS and TAYLOR, JJ., concur.