PER CURIAM.
Gregory Randall appeals the judgment and sentence entered following the entry of the order of revocation of Randall’s community control. Because the court did not conduct an adequate revocation hearing, we reverse.
In October 1998, Randall’s probation officer filed an affidavit for violation of community control alleging that Randall had violated numerous conditions of community control. At the start of the hearing on these alleged violations, Randall’s attorney announced that Randall was admitting to two of the violations, and proceeded to explain to the trial judge what can best be described as the circumstances as to why these violations were not willful. Very limited conversation occurred between Randall and the trial court, with nothing in this record approaching a knowing waiver of hearing or a knowing admission to the alleged violations of probation. Thereafter, the trial court revoked Randall’s community control, without specifying which conditions were violated, and sentenced Randall to prison followed by a term of probation. The trial court’s order reflected that Randall violated" condition three, condition nine on five occasions, and one special condition of failing to attend three “NA/AA meetings per week.”
Due process requires that a hearing must be accorded to a defendant before a court may revoke community control and the evidence produced at the hearing to support the revocation must be sufficient to satisfy the conscience of the trial court. See Bernhardt v. State, 288 So.2d 490, 495 (Fla.1974). Because the State presented no evidence in this case on several of the alleged violations and it cannot be said that Randall ever entered a knowing admission to any of the alleged violations, Randall is entitled to a new hearing. See Leonard v. State, 391 So.2d 323, 324 (Fla. 2d DCA 1980). At that hearing, the court should inquire of Randall as to whether he admits guilt to any of the violations and should afford him a reasonable opportunity to present his position. Id. at 325. The court should also hear evidence to substantiate each violation.
Reversed and remanded.
PARKER, A.C.J., and WHATLEY and NORTHCUTT, JJ., Concur.