776 So.2d 1024 (2001)
Roman Chad JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-2821.
District Court of Appeal of Florida, First District.
January 22, 2001.
*1025 Pro se, Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant appeals, on five grounds, the trial court's denial of his motions for post-conviction relief. Only three of those grounds merit discussion and, on those grounds, we reverse and remand for an evidentiary hearing or attachment of portions of the record which conclusively refute Appellant's claims. See Harich v. State, 484 So.2d 1239, 1240 (Fla.1986).
On April 7, 1997, Appellant admitted to violating the probation/community control he received upon his convictions for 7 counts of burglary of a conveyance, 2 counts of grand theft auto, 1 count of burglary of a structure, 1 count of burglary of a dwelling, 8 counts of grand theft, 1 count of escape, and 5 counts of dealing in stolen property. Upon the revocation of his probation, Appellant was sentenced to 15 years in prison for all second-degree felonies, 2 years in prison for all third-degree felonies, to be served consecutively to the second-degree felonies, and was given 684 days of jail credit.
Appellant first alleges defense counsel advised him that if he pled to all counts, he would receive a guidelines sentence of 4½ to 9 years in prison, with credit for all time served. This court has previously held that "[a]llegations of erroneous advice regarding the amount of time a defendant could spend in prison are sufficient to cast doubt on the voluntary character of a guilty plea'" and constitute a sufficient claim of ineffective assistance of counsel. Gilyard v. State, 675 So.2d 950, 951 (Fla. 1st DCA 1996). Furthermore, where a movant alleges defense counsel affirmatively misinformed him as to the amount of time he could spend in prison, his oral statements during the plea colloquy that the plea is knowing and voluntary do not conclusively refute the allegations. See id. In the record before this court, neither the plea colloquy nor the colloquy from the sentencing hearing conclusively refutes Appellant's claim regarding the sentence counsel allegedly advised him he would receive.
Secondly, Appellant lists the prison time he claims to have served in each case and each count, and claims entitlement to an additional 699 days of jail credit. It is well established that a motion that sets forth specific periods of time for which a movant alleges he was denied jail credit sets forth a colorable claim for relief. Davis v. State, 680 So.2d 527, 528 (Fla. 1st DCA 1996) (defendant's allegation that he received only 182 days of credit, whereas he claimed entitlement to substantially more days' credit, states a prima facie case for relief). The sentencing transcript, which indicates Appellant would receive "credit for all time served on each case and each count," is insufficient to refute conclusively Appellant's allegation that he failed to receive all of the jail credit to which he is entitled. Finally, Appellant alleges the trial court erred by failing to conduct a plea colloquy before accepting Appellant's admission to violations of probation/community control. A probation revocation hearing need not meet the strict requirements of a criminal trial. See Baker v. State, 319 So.2d 628, 629 (Fla. 1st DCA 1975); Allen v. State, 662 So.2d 380, 381 (Fla. 4th DCA 1995). Upon a guilty plea to a probation violation, there is no requirement that a determination be made as to the factual basis of the plea or that the plea was freely and voluntarily given. See Douglas v. State, 433 So.2d 12, 13 (Fla. 1st DCA 1983); Allen, *1026 662 So.2d at 381; Edwards v. State, 721 So.2d 744, 745 (Fla. 4th DCA 1998). However, in accepting a guilty plea to a probation violation, the trial court must advise the probationer of the violation charges and, among other things, should tell the probationer of the potential consequences of a guilty plea. See Edwards, 721 So.2d at 745; see also Allen, 662 So.2d at 381, citing Washington v. State, 284 So.2d 236, 237 (Fla. 2d DCA 1973) (guilty plea to VOP affirmed where there was no inquiry as to whether the plea was freely and voluntarily given, but defendant was advised that the plea would reopen his original sentence for reconsideration). In the case at bar, the transcript of the probation revocation hearing indicates the trial court did not advise Appellant of the potential consequences of his plea (i.e., that his admission to the probation violations would reopen his original sentences, and that he could receive 17 years in prison). Thus, the record fails to refute conclusively Appellant's allegation that the trial court's failure to inform him as to the consequences of his plea resulted in a plea that was not knowingly and intelligently entered. Accordingly, for the reasons stated herein, we REVERSE and REMAND for an evidentiary hearing or attachment of portions of the record that conclusively refute Appellant's claims as discussed herein.
ALLEN and BENTON, JJ., concur.