974 So.2d 592 (2008)
Robert E. BALSINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-947.
District Court of Appeal of Florida, Second District.
February 22, 2008.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Robert Balsinger appeals the revocation of his probation and sentence in trial court case number 05-12719 for one count of robbery and driving under the influence and the revocation of his probation and sentence in trial court case number 05-22136 for two counts of robbery with a deadly weapon. Because Balsinger was not afforded due process at his probation revocation hearing, we reverse the order revoking his probation in both cases and *593 the resulting sentences and remand for a new revocation hearing.
The affidavit of violation of probation asserted that Balsinger failed to report to the probation officer in September 2006 and that he changed his residence without his probation officer's consent. At the revocation hearing held on February 13, 2007, defense counsel stated that Balsinger had trouble doing probation because he did not have a stable residence. Counsel indicated that Balsinger was asking if the court would consider a sentence of "a year and a day in order to get rid of the probation."
The court asked about the facts of the underlying offenses, and the assistant state attorney provided a brief background without addressing the alleged violations. Defense counsel again raised the fact that Balsinger had no home or transportation and was unable "to really do the probation." Counsel added that "[a] year and a day with, credit would probably be appropriate." The trial court responded, "All right, revoke, adjudicate, he will be sentenced to 60 months in the Florida State Prison" on the felonies and time served on the misdemeanor DUI.
The record reflects that defense counsel did not discuss the accuracy of the allegations in the affidavit of violation or the entry of a plea. Further, the State presented no evidence of the alleged violations, and the court did not inform Balsinger of the alleged violations. In fact, the court never spoke to Balsinger during the hearing, and at no point did Balsinger make any statements or admit to the alleged violations.
The revocation order states that Balsinger violated the conditions of his probation but also states "CONDITION(S) NOT STATED, VOP ADMITTED[.]" In addition, the record reflects that the affidavit of violation of probation only lists case number 05-12719. No affidavit regarding case number 05-22136 appears in our record.
In a probation revocation proceeding a trial court need not comply with Florida Rule of Criminal Procedure 3.172, which governs the acceptance of a guilty or nolo contendere plea; however, section 948.06(2), Florida Statutes (2006), requires that the trial court advise the probationer of the alleged violation. See Edwards v. State, 721 So.2d 744, 745 (Fla. 4th DCA 1998). If the probationer does not admit to the violation and the charged violation is not dismissed, the court must give the probationer an opportunity to be fully heard. § 948.06(2)(d). The Edwards court added that "[t]he probationer should also be told of the potential consequences of a guilty plea, the right to counsel, and the right to a final hearing on violation of probation, at which time a probationer has the `opportunity to be fully heard on his or her behalf in person or by counsel.'" 721 So.2d at 745 (quoting § 948.06, Fla. Stat. (1997)).
Due process requires that the State prove an alleged violation of probation at a hearing or that the defendant enter a knowing admission to a violation before the trial court revokes the defendant's probation. See Randall v. State, 741 So.2d 1183, 1184 (Fla. 2d DCA 1999). In Randall this court reversed and remanded for the trial court to conduct an adequate hearing on the revocation of Randall's community control. 741 So.2d at 1184. This court described the circumstances in Randall as follows:
At the start of the hearing on these alleged violations, Randall's attorney announced that Randall was admitting to two of the violations, and proceeded to explain to the trial judge what can best be described as the circumstances as to why these violations were not willful. *594 Very limited conversation occurred between Randall and the trial court, with nothing in this record approaching a knowing waiver of hearing or a knowing admission to the alleged violations of probation.
Id.
Similar to Randall, defense counsel here appeared to be addressing the circumstances as to why the violations were not willful. Also as in Randall, the trial court did not advise Balsinger of the alleged violations, and nothing in the record shows that Balsinger made a knowing waiver of hearing or a knowing admission of any violation.
Therefore, because Balsinger was not afforded due process we reverse the revocation order and the resulting sentences in case numbers 05-12719 and 05-22136 and remand for an adequate revocation hearing.
Reversed and remanded.
CASANUEVA and VILLANTI, JJ., Concur.