LaROSE, Judge.
 

 Freddick Woodson appeals the revocation of his probation for committing a new offense. The trial court sentenced him to five years in prison. We affirm. In doing so, we reject without discussion Mr. Wood-son’s suggestion that he was not properly advised of his probationary terms.
 
 See State v. Green,
 
 667 So.2d 959, 960-61 (Fla. 2d DCA 1996) (holding that due process does not require defendant to receive verbal notice of standard probation conditions because all persons have constructive notice of state’s criminal statutes). We write briefly to explain that Mr. Woodson received due process at his revocation hearing.
 

 “Due process requires that the State prove an alleged violation of probation at a hearing or that the defendant enter a knowing admission to a violation before the trial court revokes the defendant’s probation.”
 
 Balsinger v. State,
 
 974 So.2d 592, 593 (Fla. 2d DCA 2008). Under section 948.06(2)(a), Florida Statutes (2007), the trial court must advise the probationer of the alleged violation.
 
 Balsinger,
 
 974 So.2d at 593. Here, the probation officer did not testify, a circumstance that the trial court recognized as not “normal.” Nevertheless, our record reflects sufficient evidence to revoke Mr. Woodson’s probation. And, based on the testimony presented, there can be no question but that Mr. Woodson knew why the State sought revocation of probation. Mr. Woodson made no objection to not being specifically advised of the alleged violation at the start of the hearing.
 
 See
 
 § 924.051(3), Fla. Stat. (2007);
 
 Insko v. State,
 
 969 So.2d 992, 1001 (Fla.2007) (holding that litigant must object at trial to preserve error for review).
 

 Despite our affirmance, we remand for entry of a written order specifying the conditions of probation that Mr. Woodson violated.
 

 Affirmed and remanded.
 

 SILBERMAN and KELLY, JJ., Concur.