PER CURIAM.
The defendant appeals from the revocation of his probation and the imposition of an eight-year prison sentence on the underlying offense. The state and defendant agree that there is no record of an admission colloquy having been conducted prior to the trial court’s revoking the defendant’s probation and that, therefore, reversal and remand are required. See Balsinger v. State, 974 So.2d 592 (Fla. 2d DCA 2008); Randall v. State, 741 So.2d 1183 (Fla. 2d DCA 1999). Accordingly, we reverse the revocation of the defendant’s probation, vacate the sentence imposed below, and remand for further proceedings.
On remand, if the defendant wishes to enter an admission to the violation, the trial court shall, prior to revoking his probation or entering sentence, hold an admission colloquy. At a minimum, the colloquy must inform the defendant of the allegations against him, his right to counsel, and the consequences of an admission or the right to a hearing and it shall afford him an opportunity to be heard. See Edwards v. State, 721 So.2d 744 (Fla. 4th DCA 1998); see also Johnson v. State, 776 So.2d 1024 (Fla. 1st DCA 2001). If the defendant does not wish to enter an admission, the court shall hold an evidentiary hearing on the violation allegations and, based on the evidence, determine whether the defendant violated the terms of his probation.
Reversed and remanded.
PADOVANO, RAY, and MAKAR, JJ„ concur.