IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ALEXANDER ARROYO,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4558

Opinion filed October 4, 2016.

An appeal from the Circuit Court for Alachua County.
David P. Kreider, Judge.

Nancy A. Daniels, Public Defender, Steven L. Seliger, Assistant Public Defender, and  Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Donna A. Gerace, Assistant Attorney General, and David Llanes, Assistant Attorney General, Tallahassee, for Appellee.

WINSOR, J.

     After pleading no contest to four counts of violating a domestic violence injunction, Alexander Arroyo received a time-served sentence for one count and consecutive one-year probation terms for the other three. Less than a week later, he violated his probation. The probation violations—which Arroyo admitted—led to

three consecutive 364-day sentences, minus credit for time served. Arroyo now appeals, arguing that he would not have admitted his probation violation had he been properly informed about the days' jail credit he would receive. (He received 207 days' credit but claims entitlement to 292 days' credit.) We affirm.

I.

At his probation revocation hearing, Arroyo admitted his violations, and the trial court found his admission free, knowing, and voluntary. At the sentencing hearing some two weeks later, there was a dispute about the appropriate measure of jail credit. Arroyo sought credit for the time he was in jail before his original plea to violating a domestic violence injunction. Because that time had been applied to his time-served sentence, though, the State argued Arroyo should receive credit only for days he was in jail after violating his probation (69 days). The court agreed with the State and sentenced Arroyo to three consecutive 364-day sentences, with 69-day credits applied to each count, making the total credit 207 days.

After sentencing, Arroyo moved to withdraw his plea, claiming that his admission was based on his lawyer's bad advice and was therefore involuntary. Specifically, Arroyo claimed his attorney advised him "that he would most likely be released on the date of the plea because he would be credited with 292 days time served as to each count of his probationary sentence." He also claimed "that

2

the misadvice of former counsel as to the minor nature of the offenses and his earned credit for time served induced [him] to reject the State's plea offer of 2 years imprisonment and to instead enter a plea open to the Court." After an evidentiary hearing, the trial court denied the motion.

On appeal, Arroyo presents a somewhat different argument. He now argues that the trial court should have allowed Arroyo to withdraw his plea because he received only 207 days' credit and, by stipulation, he should have received 292. Because this argument was not preserved, we affirm. But even if it were preserved, we would affirm nonetheless.

## II.

To preserve a claim for appeal, "the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal." *Spann v. State*, 857 So. 2d 845, 852 (Fla. 2003) (quoting *Rodriguez v. State*, 609 So. 2d 493, 499 (Fla. 1992)). "The purpose of this rule is to 'place[] the trial judge on notice that error may have been committed, and provide[] him an opportunity to correct it at an early stage of the proceedings.'" *Harrell v. State*, 894 So. 2d 935, 940 (Fla. 2005) (quoting *Castor v. State*, 365 So. 2d 701, 703 (Fla. 1978)).

The dissent concludes (at n.1) that while Arroyo's "focus" was on a different issue, "the trial court was alerted that [Arroyo] felt that 292 days was the

3

appropriate number." Nevertheless, because the specific legal ground he raises here was not raised below, we find Arroyo's claim is not preserved.

III.

Arroyo's failure to preserve does not ultimately change the result here because his argument fails on the merits. To succeed, Arroyo would have to "make a showing of manifest injustice or prejudice." *Campbell v. State*, 125 So. 3d 733, 736 (Fla. 2013); *see also State v. Partlow*, 840 So. 2d 1040, 1045 (Fla. 2003) (Cantero, J., concurring) ("[I]n the interest of finality, once a sentence is imposed a defendant seeking to withdraw a plea bears a much heavier burden."). Arroyo cannot meet that burden here.

The crux of Arroyo's argument on appeal—and of the dissenting opinion accepting it—is that the admission form Arroyo signed and his colloquy with the court led him to believe he would receive 292 days' jail credit, instead of the 207 he actually received. We agree that the form and the colloquy could have been better, but we conclude that the facts of this case do not show any manifest injustice.

Arroyo signed an admission form—which he swore he understood—acknowledging that he admitted the violations and that he faced up to three years' imprisonment. He also initialed a paragraph saying he and the State stipulated that he was entitled to 292 days' credit for time served. He then acknowledged "that *if*

4

the Judge gives me credit for time served as stipulated . . ., I waive/give up the right to complain or appeal concerning credit for time served." (emphasis added). Because the form contemplated what would happen *if* the judge gave him credit as stipulated, it necessarily contemplated that the judge might *not* give him that credit. And it specified the consequence of the judge's not giving him that credit: he would not lose his right to appeal his sentence. But he has not appealed his sentence—he seeks to withdraw his admission altogether.[1]

Arroyo and the dissent also point to Arroyo's exchange with his attorney at the admission hearing. During that exchange, Arroyo's counsel suggested that Arroyo's "worst case scenario" included 292 days' credit. But that same exchange indicated that Arroyo and his counsel had carefully reviewed the admission form discussed above.[2] While the entire process could have been handled better, Arroyo

---

[1] This case did not involve a plea agreement. The dissent suggests that "one may argue that the proceeding involved an open admission." There is in fact no question that this was an open admission, as Arroyo himself acknowledged here and below. The motion Arroyo argues the trial court should have granted opened by explaining Arroyo "entered an open plea of admission to violation." The admission form unambiguously said "open plea" in the section where the parties could detail any plea agreement. And Arroyo's brief on appeal acknowledges that this was an open plea. Whatever the result might have been if this case involved a plea agreement under Rule 3.171(b)(1)(A), that is not the situation here.

[2] "In accepting a guilty plea to a violation of probation, the trial court need not comply with the requirements of Florida Rule of Criminal Procedure 3.172," which requires trial judges to personally address defendants regarding certain aspects of voluntariness. *Edwards v. State*, 721 So. 2d 744, 745 (Fla. 4th DCA 1998); *see also Balsinger v. State*, 974 So. 2d 592, 593 (Fla. 2d DCA 2008);

5

has not shown manifest injustice, and we cannot say the trial court abused its discretion in denying Arroyo's motion.

    AFFIRMED.

WINOKUR, J., CONCURS.  WOLF, J., DISSENTS WITH OPINION.

---

*Johnson v. State*, 776 So. 2d 1024, 1025 (Fla. 1st DCA 2001) ("Upon a guilty plea to a probation violation, there is no requirement that a determination be made as to the factual basis of the plea or that the plea was freely and voluntarily given."). Nonetheless, the trial judge should ensure the defendant is aware of potential consequences, *see Johnson*, 776 So. 2d at 1026, and this record shows Arroyo was adequately apprised.

WOLF, J., Dissenting.

I would reverse the denial of the motion to withdraw the plea. Appellant argues that he was misadvised by his counsel and the court concerning the total amount of jail credit he would receive. I agree. At the time appellant entered his admission of violation of probation, he was advised he would receive 292 days' credit for time served. Appellant was entitled to rely on representations made in the admission form presented to the court and oral representations made in court at the time the plea was entered that he would receive this total amount of credit.[1] Failure to honor these representations constitutes a manifest injustice and requires reversal.

Appellant submitted a petition to enter a plea of admission to violating probation. The admission form presented to the court at the time contained the following provision:

> 18. The State and the Defendant stipulate and agree that the Defendant is entitled to credit for time I have already served in this/these case(s) as follows: **292 days DOJ**. I agree that if the Judge gives me credit for time served as stipulated, and if the Department of Corrections

---

[1] While arguably the motion to withdraw the plea did not raise the precise argument made before this court, it does sufficiently raise the argument that appellant was misadvised by counsel that he would receive 292 days' jail credit as to each charge. While the focus was on whether credit should be applied as to each charge, the trial court was alerted that appellant felt that 292 days was the appropriate number. I would thus find the issue is preserved. See Harrell v. State, 894 So. 2d 935, 940 (Fla. 2005) ("The purpose of [the preservation] rule is to 'place[] the trial judge on notice that error may have been committed . . . .'" (quoting Castor v. State, 365 So. 2d 701, 703 (Fla. 1978))).

> likewise gives me credit for time served as stipulated, I waive/give up the right to complain or appeal concerning credit for time served.

(Emphasis added).

If the State was not stipulating to this amount of jail credit, it was incumbent upon the prosecutor to notify the court of this fact. In addition, during the entry of the plea, the following exchange occurred:

> DEFENSE COUNSEL: And you understand also that the maximum you face here on your three misdemeanor counts that you pled to originally, would be three years in the county jail.
> DEFENDANT: (No audible response from defendant.)
> DEFENSE COUNSEL: With credit for 292 days that you've done.
> DEFENDANT: How many?
> DEFENSE COUNSEL: Two ninety-two.
> DEFENDANT: Yes, sir.
> DEFENSE COUNSEL: You understand that's the worst case scenario today.
> DEFENDANT: Yes, sir.

Neither the prosecutor nor the court corrected defense counsel or indicated that appellant could not rely on this representation. [2]

---

[2] After the trial court determined appellant had freely, knowingly, and voluntarily entered his admission to violation of probation, the State requested more time to research the issue of whether appellant could be sentenced to consecutive terms of incarceration. The trial court noted again, "the max I can do is 364 minus 292, unless there's some case law or statute I'm unaware of," but allowed the State the time to research this issue, re-setting the case for disposition the next week (though the trial court signed the admission form that day). During the later disposition proceedings, the State for the first time argued that appellant should only be given 69 days' jail credit because that was the amount of time he had spent in jail on the violation charges. The trial court ran the sentences consecutively, giving appellant 69 days' jail credit on each of the 3 counts, but did not give appellant the opportunity to withdraw his admission on this basis.

8

While one may argue that the proceeding involved an open admission to the court and did not involve a negotiated agreement, the form submitted to the court stated that the State stipulated and agreed to 292 days of jail credit. The failure of both the court and the State to contradict defense counsel's representations would lead any reasonable person to understand that there was an agreement at least as to this issue. When appellant was sentenced, he received 69 days' credit for each of three counts for a total of 207 days.

The failure of the State and the court to honor the agreement constituted a manifest injustice. Even though there was only 85 days' difference between the credit agreed to in the admission form and the credit awarded, when a plea bargain is not honored, a defendant should be allowed to withdraw his plea. See Green v. State, 700 So. 2d 384, 387-88 (Fla. 1st DCA 1997) (reversing and remanding for the trial court either to strike a $1,500 fine that was not noted in Green's plea agreement or to allow Green the opportunity to withdraw his plea). Requiring a defendant to serve more time than contemplated by the plea agreement constitutes a manifest injustice. See generally Motes v. State, 129 So. 3d 446, 447 (Fla. 1st DCA 2013) (finding manifest injustice where Motes's plea form allowed him to reserve the right to appeal a pre-trial ruling that he was competent to stand trial, but where the law did not allow for such a challenge, holding that "'[w]hen a negotiated plea agreement cannot be honored by the trial judge, the defendant may

9

withdraw his plea and the trial court has an affirmative duty to so advise him.'" (quoting Johnson v. State, 547 So. 2d 238, 239 (Fla. 1st DCA 1989))); Griffin v. State, 899 So. 2d 514 (Fla. 2d DCA 2005) (finding a manifest injustice had occurred when Griffin entered his pleas based on the understanding that he would receive suspended sentences of drug offender probation, but through no fault of his own, he was subsequently sentenced to 42.825 months in prison); Demartine v. State, 647 So. 2d 900, 902 (Fla. 4th DCA 1994) ("The supreme court applied the following guidelines from the standard in determining whether a manifest injustice had occurred: . . . (3) defendant pled involuntarily, without knowledge of the charge, or without knowing the sentence received could be imposed; (4) the defendant did not receive the charge or sentence concessions contemplated by the plea agreement . . . .").

For the reasons stated, I would reverse the circuit court's order denying appellant's amended motion to withdraw his plea.