WINSOR, J.
After pleading no contest to four counts of violating a domestic violence injunction, Alexander Arroyo received a time-served sentence for one count and consecutive one-year probation terms for the other three. Less than a week later, he violated his probation. The probation violations— which Arroyo admitted — led to three consecutive 364-day sentences, minus credit for time served. Arroyo now appeals, ar *252 guing that he would not have admitted his probation violation had he been properly informed about the days’ jail credit he would receive. (He received 207 days’ credit but claims entitlement to 292 days’ credit.) We affirm.
I.
At his probation revocation hearing, Arroyo admitted his violations, and the trial court found his admission free, knowing, and voluntary. At the sentencing hearing some two weeks later, there was a dispute about the appropriate measure of jail credit. Arroyo sought credit for the time he was in jail before his original plea to violating a domestic violence injunction. Because that time had been applied to his time-served sentence, though, the State argued Arroyo should receive credit only for days he was in jail after violating his probation (69 days). The court agreed with the State and sentenced Arroyo to three consecutive 364-day sentences, with 69-day credits applied to each count, making the total credit 207 days.
After sentencing, Arroyo moved to withdraw his plea, claiming that his admission was based on his lawyer’s bad advice and was therefore involuntary. Specifically, Arroyo claimed his attorney advised him “that he would most likely be released on the date of the plea because he would be credited with 292 days time served as to each count of his probationary sentence.” He also claimed “that the misadvice of former counsel as to the minor nature of the offenses and his earned credit for time served induced [him] to reject the State’s plea offer of 2 years imprisonment and to instead enter a plea open to the Court.” After an evidentiary hearing, the trial court denied the motion.
On appeal, Arroyo presents a somewhat different argument. He now argues that the trial court should have allowed Arroyo to withdraw his plea because he received only 207 days’ credit and, by stipulation, he should have received 292. Because this argument was not preserved, we affirm. But even if it were preserved, we would affirm nonetheless.
II.
To preserve a claim for appeal, “the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal.” Spann v. State, 857 So.2d 845, 852 (Fla.2003) (quoting Rodriguez v. State, 609 So.2d 493, 499 (Fla.1992)). “The purpose of this rule is to ‘placet] the trial judge on notice that error may have been committed, and provide[ ] him an opportunity to correct it at an early stage of the proceedings.’ ” Harrell v. State, 894 So.2d 935, 940 (Fla.2005) (quoting Castor v. State, 365 So.2d 701, 703 (Fla.1978)).
The dissent concludes (at n. 1) that while Arroyo’s “focus” was on a different issue, “the trial court was alerted that [Arroyo] felt that 292 days was the appropriate number.” Nevertheless, because the specific legal ground he raises here was not raised below, we find Arroyo’s claim is not preserved.
III.
Arroyo’s failure to preserve does not ultimately change the result here because his argument fails on the merits. To succeed, Arroyo would have to “make a showing of manifest injustice or prejudice.” Campbell v. State, 125 So.3d 733, 736 (Fla.2013); see also State v. Partlow, 840 So.2d 1040, 1045 (Fla.2003) (Cantero, J., concurring) (“[I]n the interest of finality, once a sentence is imposed a defendant seeking to withdraw a plea bears a much heavier burden.”). Arroyo cannot meet that burden here.
*253 The crux of Arroyo’s argument on appeal — and of the dissenting opinion accepting it — is that the admission form Arroyo signed and his colloquy with the court led him to believe he would receive 292 days’ jail credit, instead of the 207 he actually received. We agree that the form and the colloquy could have been better, but we conclude that the facts of this case do not show any manifest injustice.
Arroyo signed an admission form— which he swore he understood — acknowledging that he admitted the violations and that he faced up to three years’ imprisonment. He also initialed a paragraph saying he and the State stipulated that he was entitled to 292 days’ credit for time served. He then acknowledged “that if the Judge gives me credit for time served as stipulated ..., I waive/give up the right to complain or appeal concerning credit for time served.” (emphasis added). Because the form contemplated what would happen if the judge gave him credit as stipulated, it necessarily contemplated that the judge might not give him that credit. And it specified the consequence of the judge’s not giving him that credit: he would not lose his right to appeal his sentence. But he has not appealed his sentence — he seeks to withdraw his admission altogether.[1]
Arroyo and the dissent also point to Arroyo’s exchange with his attorney at the admission hearing. During that exchange, Arroyo’s counsel suggested that Arroyo’s “worst case scenario” included 292 days’ credit. But that same exchange indicated that Arroyo and his counsel had carefully reviewed the admission form discussed above.[2] While the entire process could have been handled better, Arroyo has not shown manifest injustice, and we cannot say the trial court abused its discretion in denying Arroyo’s motion. AFFIRMED.
WINOKUR,- J., concurs.
WOLF, J., dissents with Opinion.

. This case did not involve a plea agreement. The dissent suggests that "one may argue that the proceeding involved an open admission.” There is in fact no question that this was an open admission, as Arroyo himself acknowledged here and below. The motion Arroyo argues- the trial court should have granted opened by explaining Arroyo "entered an open plea of admission to violation.” The admission form unambiguously said “open plea” in the section where the parties could detail any plea agreement. And Arroyo’s brief on appeal acknowledges that this was an open plea. Whatever the result might have been if this case involved a plea agreement under Rule 3.171(b)(1)(A), that is not the situation here.

. "In accepting a guilty plea to a violation of probation, the trial court need not comply with the requirements of Florida Rule of Criminal Procedure 3.172,” which requires trial judges to personally address defendants regarding certain aspects of voluntariness. Edwards v. State, 721 So.2d 744, 745 (Fla. 4th DCA 1998); see also Balsinger v. State, 974 So.2d 592, 593 (Fla. 2d DCA 2008); Johnson v. State, 776 So.2d 1024, 1025 (Fla. 1st DCA 2001) ("Upon a guilty plea to a probation violation, there is no requirement that a determination be made as to the factual basis of the plea or that the plea was freely and voluntarily given.”). Nonetheless, the trial judge should ensure the defendant is aware of potential consequences, see Johnson, 776 So.2d at 1026, and this record shows Arroyo was adequately apprised.