TAYLOR, J.
Ashton Gomez was sentenced on March 13, 2016 following revocation of his probation. He appeals the judgment of convictions and sentences, arguing that the trial court lacked jurisdiction to revoke his probation on certain counts (Counts 5-8), because his probation on those counts had expired. We affirm on this issue because the record reflects that on December 17, 2012, appellant was reinstated to probation on those counts, as well as on all other counts of his original charges, when he admitted violating probation and the trial court orally pronounced that it was reinstating appellant to a modified probation for an additional three years. The trial court thus had jurisdiction to revoke appellant’s probation on those contested counts.
We reverse revocation of appellant’s probation, however, and remand for a new hearing on the alleged probation violations. Appellant maintains that, although he was scheduled for sentencing, he never actually admitted to the allegations of violation of probation at a change of plea hearing, and the record on appeal does not establish otherwise, despite efforts by the parties to provide this court with a transcript of a hearing on his change of plea or a legally sufficient substitute therefor. See Randall v. State, 741 So.2d 1183 (Fla. 2d DCA 1999) (where there was nothing in the record to show that the defendant ever entered a knowing admission to the alleged violations of probation, the defendant was entitled to a new hearing); Leonard v. State, 391 So.2d 323 (Fla. 2d DCA 1980) (where appellate court was unable to determine from the record whether the probationer ever actually pleaded guilty, not guilty, or nolo contendere to the violation of probation charges, the court set aside the judgments of guilt and sentence and remanded for another hearing on allegations of violation of probation).

Reversed and Remanded for farther proceedings.

FORST and KLINGENSMITH, JJ., concur.