IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MONTIEZ LAMAR
DONALDSON,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-5302

Opinion filed June 6, 2017.

An appeal from the Circuit Court for Escambia County.
W. Joel Boles, Judge.

Andy Thomas, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

In this appeal, Montiez Lamar Donaldson challenges the trial court's revocation of his probation without conducting an adequate admission colloquy, including failing to inform Donaldson of the consequences of his admission. See Johnson v. State, 776 So. 2d 1024, 1025 (Fla. 1st DCA 2001) ("[I]n

accepting a guilty plea to a probation violation, the trial court must advise the probationer of the violation charges and, among other things, should tell the probationer of the potential consequences of a guilty plea."); Johnson v. State, 107 So. 3d 1153, 1154 (Fla. 1st DCA 2013) ("At a minimum, the colloquy must inform the defendant of the allegations against him, his right to counsel, and the consequences of an admission or the right to a hearing and it shall afford him an opportunity to be heard."). A remand is necessary when the trial court fails to conduct the minimum requirements for an admission colloquy. Johnson, 107 So. 3d at 1154 (citing Balsinger v. State, 974 So. 2d 592, 592-93 (Fla. 2d DCA 2008); Randall v. State, 741 So. 2d 1183, 1184 (Fla. 2d DCA 1999)). If, however, Donaldson "does not wish to enter an admission, the court shall hold an evidentiary hearing on the violation allegations and, based on the evidence, determine whether the defendant violated the terms of his probation." Johnson, 107 So. 3d at 1154.

REVERSE AND REMAND.

WOLF, MAKAR, and M.K. THOMAS, JJ., CONCUR.