# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D21-2478
_____

JOHN MICHAEL ARMSTRONG, JR.,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
Brantley S. Clark, Jr., Judge.

September 14, 2022

PER CURIAM.

    AFFIRMED.

ROBERTS and MAKAR, JJ., concur; TANENBAUM, J., dissents with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

TANENBAUM, J., dissenting.

This appeal is untimely, so we lack jurisdiction to dispose of it on the merits. On November 6, 2019, the trial court accepted John Armstrong's plea and adjudicated him guilty of felony battery. The court placed him on probation in lieu of sentencing. On May 18, 2021, Armstrong appeared at a hearing before the trial court to answer to roughly eight different ways he was alleged to have violated that probation. He admitted to violating, both in writing and in court; after the appropriate due-process colloquy, the trial court revoked probation and sentenced Armstrong to five years in prison. The sentencing order appears to have been rendered that same day; the revocation order was rendered a week later, on May 26.

Armstrong then filed a motion to withdraw his admission to the probation violation. The trial court had a hearing on the motion and orally denied it on July 23, 2021. In a notice of appeal filed August 13, 2021, Armstrong sought review of his judgment and sentence and the order denying his motion to withdraw.[*] After the appeal was filed, the trial court rendered an order that denied the motion "nunc pro tunc," without further explication, on September 8, 2021.

The Florida Constitution gives the supreme court the authority to set by rule "the time for seeking appellate review." Art. V, § 2(a), Fla. Const. For criminal appeals, the court has set that time at thirty days from rendition of a defendant's sentence. Fla. R. App. P. 9.140(b)(3). This is jurisdictional. *See State ex rel.*

---

[*] At no point has Armstrong moved to withdraw his guilty plea that resulted in the 2019 adjudication of guilt. For this reason, Armstrong's effort to appeal his judgment of conviction in this case is improper. *See* Fla. R. App. P. 9.140(b)(2)(A)(ii)c. (allowing an appeal of a guilty plea that a defendant contends to have been involuntary only if preserved by a motion to withdraw the plea). Instead, he presumably meant to appeal the revocation order, along with the resulting sentence. *See* Fla. R. App. P. 9.140(b)(1)(D) (allowing an appeal of an order revoking probation rendered after a final judgment or determination of guilt).

2

*Diamond Berk Ins. Agency, Inc. v. Carroll*, 102 So. 2d 129, 131 (Fla. 1958). Armstrong filed his notice nearly *three months* after rendition of his sentence. Perhaps he thought rendition was tolled by his filing of the motion to withdraw his admission to the probation violations. If so, he was mistaken. *Cf.* Fla. R. App. P. 9.020(h)(1) (setting out the motions that toll rendition).

While it is true that rendition will be tolled by a motion to withdraw a plea pursuant to Florida Rule of Criminal Procedure 3.170(l), *see* Fla. R. App. P. 9.020(h)(1)(I), Armstrong's motion is not such a motion. Consider where rule 3.170 appears in the criminal rules in relation to the rule governing violations of probation. The criminal rules are set out to track chronologically the typical criminal process. First there are some preliminary and general provisions. Then come those addressing preliminary proceedings (*e.g.*, arrest, bail, charging), followed by rules dealing with arraignments and pleas, including rule 3.170. Rules covering pretrial motions, discovery, trial, and sentencing follow from there. Toward the end, before the rules covering execution of the sentence and postconviction relief, is Florida Rule of Criminal Procedure 3.790, which governs probation and revocation. There is no cross-reference in this rule to rule 3.170 or otherwise to "pleading guilty" to an alleged probation violation, and there is no other apparent procedural relationship between rules 3.170 and 3.790. In fact, both rule 3.790 and its authorizing statute make specific and repeated references to *admitting* to an alleged violation, rather than *pleading* to one. *See* Fla. R. Crim. P. 3.790(b)(1); § 948.06(2)(a), (c), (d), Fla. Stat.

Moreover, the placement of rule 3.790 at the other end of the criminal rules from the rule on pleas, together with the use of "admission" rather than "plea," is commensurate with the fact that a revocation hearing (which necessarily comes *after* guilt has been determined and probation imposed) is *not* the same as a plea hearing held during the pretrial phase of a criminal case. Indeed, there is no need for a "plea," in the formal sense, in a revocation hearing because there is no pleading (read: charging instrument) that requires the defendant's response: His guilt was determined much earlier in the process, before probation was imposed. The question before the trial court in a revocation hearing is limited to whether the defendant in fact violated the conditions and whether

3

the trial court should revoke its previous probation order and put the defendant back on track for sentencing. Probation "is a matter of grace," so while a revocation hearing must meet some minimal due process requirements, it is not a criminal trial and "need not meet the strict requirements of" one. *Baker v. State*, 319 So. 2d 628, 629 (Fla. 1st DCA 1975) ("Baker was advised of the charge of violation, and after counselling with his attorney admitted the charge was true. This was sufficient."); *Douglas v. State*, 433 So. 2d 12, 13–14 (Fla. 1st DCA 1983) ("While minimal due process standards must be met in probation revocation proceedings, it is not necessary to meet the strict requirements of a criminal trial.").

I venture to submit that the motion to withdraw the admission was a nullity: Because there is no rule or statute providing for reconsideration of a revocation order (including reconsideration based on the involuntariness of the violation admission), the trial court lacked jurisdiction to consider such a motion. *Kippy Corp. v. Colburn*, 177 So. 2d 193, 199 (Fla. 1965) ("We here decide that . . . a trial court has no authority to modify, amend or vacate a final order, except in the manner and within the time provided by rule or statute . . . ."); *cf. Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson*, 236 So. 2d 1, 4 (Fla. 1970); *State v. M.C.*, 666 So. 2d 877, 878 (Fla. 1995). Any procedural defects in the revocation hearing already would be reviewable on appeal based on the transcript of the proceeding; no motion is necessary to preserve any *reviewable* question for appeal. *Cf. Johnson v. State*, 776 So. 2d 1024, 1025 (Fla. 1st DCA 2001) (explaining that if a defendant admits to violating probation, "there is no requirement that a determination be made as to the factual basis of the plea or that the plea was freely and voluntarily given").

Because the motion to withdraw the violation admission was not authorized in any respect, it could not toll rendition of the revocation and sentencing orders. That rendition occurred months prior to Armstrong's commencement of this appeal. The appeal should be dismissed.

_____

Jessica J. Yeary, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Darcy O. Townsend, Assistant Attorney General, Tallahassee, for Appellee.