# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1095
Lower Tribunal Nos. 14-184-A-K, 15-339-A-K, 16-495-A-K

_____

**Keeney Diaz,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Keeney Diaz appeals the revocation of his community control arguing the trial court failed to explicitly find he willfully and substantially violated his community control. We have jurisdiction. Fla. R. App. P. 9.140(b)(1)(D). Because Diaz admitted to violating his community control, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2014, Diaz was charged with and pled guilty to: (1) aggravated battery with a deadly weapon and/or causing great bodily harm; and (2) resisting an officer with violence. Diaz was deemed a violent felony offender of special concern and was sentenced to prison time followed by two years' probation. While on probation, Diaz was arrested and charged with two new law violations. Diaz entered a plea of admission to both and received a new sentence of twenty-four months of community control with a requirement that he complete a rehabilitation program.

In March 2019, an affidavit of violation was filed alleging Diaz had violated his community control by: (1) changing his residence without his probation officer's consent; (2) failing to successfully complete or remain in drug/alcohol residential treatment; (3) making himself unavailable for supervision; (4) failing to pay the State per month toward cost of supervision; and (5) failing to make court payments to the probation officer as directed by the court.

The trial court held a violation hearing, where Diaz admitted to all of the violations listed in the affidavit. The trial court then noted Diaz's status as a violent felony offender of special concern. Diaz's counsel argued that community control should be reinstated and requested Diaz be placed into another rehabilitation program. The State did not object to that resolution, made no recommendation and deferred to the trial court to impose sentencing. At the conclusion of the hearing the trial court found Diaz had violated his community control "in a material respect" and stated:

> THE COURT: Well, Mr. Diaz, I give [Diaz's Counsel] all the credit in the world but this isn't even a close case. This, in all due respect, this screams out for finally getting what you should have gotten a long time ago, in my view. I've gone through this file with meticulous care to understand and, even though you score prison, you got this multiple, months, days, years, jail sentence and community control, and you got residential. This was after being violent felony offender of special concern and committing two new crimes while you're on supervision for that. Then, whatever the explanation is, you're an absconder. So to me — and you already had residential, so this one is --
>
> THE DEFENDANT: I just want to get another chance.
>
> THE COURT: Yes, sir. I know what you want but, unfortunately, the law does not support that in any way, shape or form, in my humble opinion. You've been given couple of chances to avoid the prison sentence that was spelled out but you didn't get — you got residential, you were in warrant status. So the Court is going to revoke the community control, in each of these cases.

3

The trial court then revoked Diaz's community control and sentenced him to 60 months in prison as a violent felony offender of special concern. This appeal followed.

## LEGAL ANALYSIS

Diaz's sole argument on appeal is that the trial court erred in revoking his community control because although he admitted to violating his community control, the trial court never made the specific finding that Diaz's violations were willful and substantial. We find this argument meritless.

Section 948.06(2)(a), Florida Statutes, sets forth a trial court's basic duties in a violation of probation or community control proceeding where a probationer admits to violating the terms of probation of community control:

> The court, upon the probationer or offender being brought before it, shall advise him or her of such charge of violation and, if such charge is admitted to be true, may forthwith revoke, modify, or continue the probation or community control or place the probationer into a community control program.

"In accepting a guilty plea to a violation of probation [or community control], the trial court need not comply with the requirements of Florida Rule of Criminal Procedure 3.172." Edwards v. State, 721 So. 2d 744, 745 (Fla. 4th DCA 1998). Instead, where a defendant enters a plea of admission "the trial court shall, prior to revoking his probation or entering sentence, hold an admission colloquy." Johnson v. State, 107 So. 3d 1153, 1154 (Fla. 1st DCA

4

2013). "At a minimum, the colloquy must inform the defendant of the allegations against him, his right to counsel, and the consequences of an admission or the right to a hearing and it shall afford him an opportunity to be heard." Id. The trial court is not thereafter required to make any factual findings unless the defendant does not wish to enter an admission. See Balsinger v. State, 974 So. 2d 592, 593 (Fla. 2d DCA 2008).

Here, prior to accepting Diaz's plea of admission, the trial court conducted a thorough colloquy to ensure he understood his rights and the potential consequences of his admission. The trial court proceeded to read all five violations of community control listed in the affidavit and Diaz entered a plea of admission to each one. Diaz also entered a written plea indicating he understood he was admitting to each violation of his community control as outlined in the affidavit.

Upon a plea of guilty to an allegation of probation violation, "there is no requirement that there be a determination as to the factual basis of the plea." Johnson v. State, 776 So. 2d 1024, 1025 (Fla. 1st DCA 2001) (citing Douglas v. State, 433 So. 2d 12, 13 (Fla. 1st DCA 1983)). Accordingly, the moment Diaz entered a plea of admission to the violations of his community control, the trial court was not required to explicitly make a finding that Diaz's

5

violations were willful and substantial.[1]  Here, all the allegations of violation in the affidavit were material.  Diaz's admission alone was sufficient to establish he willfully and substantially violated his community control.  See Lopez v. State, 722 So. 2d 936, 937 (Fla. 4th DCA 1998) ("Absence from the home without permission supports a finding of a willful and substantial violation of community control."); Smith v. State, 909 So. 2d 421, 423 (Fla. 1st DCA 2005) ("Appellant's failure to report to his supervising officer in a timely manner constitutes a substantial, willful violation of the terms of his community control.").

Importantly, the trial court noted Diaz was a violent felony offender of special concern.  Pursuant to section 948.06(9)(d)1., Florida Statutes, a defendant who is a violent felony offender of special concern is "not eligible for an alternative sanction," such as placement in a residential treatment program if they violate their community control.  Thus, because Diaz admitted to all the violations listed in the affidavit, the trial court did not err by revoking Diaz's community control.

Affirmed.

---

[1] Diaz does not contend that his plea was not freely or voluntarily given or that he was not properly appraised of the potential consequences of his admission.